## HARMON *v.* CHANDLER.

By pleading over and going to trial, a defendant waives his demurrer to the petition.

In order to bring before the appellate court, and make it part of the record, any paper used, or proceeding had, in the District Court, which is not made a part of the record by statute, it must be embodied in a bill of exceptions, or so plainly identified therein, that there cannot possibly be any mistake as to what is referred to.

To refer in a bill of exceptions, to a motion or instruction as "marked A— here insert it," is not sufficiently certain for the ends of justice.

Where a bill of exceptions did not show what instructions were asked, nor that any exception was taken to the giving or refusing of any instructions by the court, but stated that "exceptions were taken to the rulings of the court, and to its refusal of instructions to the jury, appearing in the motion for a new trial;" *Held*, That the appellate court could not go to the motion for a new trial, to find what ought to have been embodied in the bill of exceptions.

Where the plaintiff in an action, filed a replication denying generally the new matter set up in the answer, and thereupon the parties went to trial; and where it was assigned for error in the Supreme Court, that the plaintiff having failed to reply specifically to the affirmative defence set up in the answer, has admitted facts which constitute a defence, and therefore judgment should have been for the defendant; *Held*, That if any more specific replication was necessary to secure an impartial trial, the defendant should have brought the matter before the District Court, by motion or demurrer; and that having gone to trial on the issue joined on the defendant's answer; this court could not interfere with the verdict, for the reason that the replication was not sufficiently specific.

An assignment of error as follows, "That the court erred in its action in regard to the jury," is so vague and general, that the appellate court will be justified in disregarding it, under rule eight of this court.

### *Appeal from the Story District Court.*

THIS suit is brought to recover damages for an alleged fraud practiced upon plaintiff by defendant, in inducing him

to enter into a written agreement to take a lot of sheep of the defendant for a term of years, and to return the same number of merchantable sheep at the end of the time, and also to deliver to defendant, one and a half pounds of wool annually per head.    The petition avers that defendant falsely and fraudulently represented the sheep to be in good condition, and healthy, well knowing, at the time, that they were unsound; and that plaintiff had, by means of the false and fraudulent representations, been induced to enter into the written agreement, and had thereby been damaged to the amount of six hundred dollars; that plaintiff had been at great trouble and expense in taking care of the sheep; and that they had wholly failed to be of any profit to him, and had died.    The answer is a general denial of the allegations of the petition, with an affirmative allegation, that plaintiff did not take ordinary care of the sheep, and in consequence thereof, they died; and that they were killed by improper feeding.    There was a replication denying the answer, and issue thereon.    Verdict and judgment for plaintiff, and defendant appeals.

*Brown & Elwood*, for the appellant.

*Knapp & Caldwell*, for the appellee.

STOCKTON, J.—There are various errors assigned by the appellant, for which, it is claimed, that the judgment in this case should be reversed.    The first is, that the court overruled the demurrer to plaintiff's petition.    The answer to this is, that the defendant waived his demurrer, by pleading over and going to trial.

The second is, that the court erred in refusing to charge the jury, as asked by defendant.    To this we answer, that the bill of exceptions does not show what instructions were asked by the defendant, nor that any exception was taken, to the giving or refusing of any instructions by the court. The bill of exceptions states, that "exceptions were taken to the rulings of the court, and to its refusal of instructions

to the jury, appearing in the motion for a new trial." We cannot go to the motion for a new trial, in order to find what ought to be embodied in the bill of exceptions. In order to bring before this court, as a part of the record, any paper used, or proceeding had, in the District Court, not made a part of the record by statute, it must be embodied in the bill of exceptions, or so plainly identified, that there cannot possibly be any mistake as to what is referred to. To refer to a motion or instruction as "marked A—and here insert it," is not sufficiently certain for the ends of justice, and this court has heretofore expressed its decided condemnation of such a practice. *Reed* v. *Howard*, 1 G. Greene, 153; *Humphrey* v. *Burge*, Ib. 223.

The third assignment of error is as follows: "The plaintiff having failed to reply to the affirmative defence set up in the answer, has admitted facts which constitute a defence, and therefore judgment should have been for the defendant." The assignment is based on what we conceive is a misapprehension of the facts. The plaintiff did reply to the affirmative allegations of the answer, and denied the same, as appears by his replication contained in the record. If the defendant supposed any more specific replication was necessary to insure an impartial trial, he should have brought the matter before the District Court, by motion or demurrer. Having gone to trial, as the parties did, on the issue joined on the defendant's answer, we cannot interfere with the verdict, for the reason urged by defendant.

The fourth assignment of error is, "that the court erred in its action in regard to the jury." This assignment is so vague and general, where it was certainly in the power of the party to make the same explicit, and to point out with reasonable clearness, the objection intended to be made to the action of the District Court, that we might be justified in disregarding it, under the rule of this court. 1 Iowa, 8. We cannot undertake to hunt through the record for errors, not plainly and explicitly brought to our notice. A conclusive answer to the alleged error is, however, found in the remarks we have made above, in relation to the second as-

signment of error.   We will not look into the motion for a new trial, to find what it is the duty of the party to embody in his bill of exceptions.   It does not, otherwise than by the defendant's motion, appear that the jury returned more than one verdict, nor what the verdict alleged to have been first returned, was.   The bill of exceptions shows, that the defendant objected to the court giving any charge to the jury, after they had brought in a verdict for $1,800; that the court overruled the objection, charged the jury; and that they retired to deliberate upon another verdict.   What the charge of the court was, is not shown.   Nor does the record show affirmatively, that any error was committed by the court.   Even if there was error in the action of the court, the defendant ought not to complain of the verdict and judgment against him being reduced from $1,800 to $595. The errors complained of, not being made to appear to the satisfaction of this court, the judgment of the District Court is affirmed.

Judgment affirmed.