## GREEN & STONE *v.* McFADDIN, SELLS & Co.

Where a party seeks to reverse a case, upon the ground that the verdict or finding of the court, is against evidence, the record should not leave to inference that all the testimony is before the appellate court, but the fact should appear affirmatively and conclusively.

Where in an action tried by the court without a jury, the bill of exceptions recited as follows: "That after the reading of the depositions and other printed and written here on file, of record in this case, the attorney for the plaintiff called to the witness stand J. S., who being sworn, testified as follows:" (Setting out the testimony of the witness, and also that of one P., a witness introduced by the defend-

ant); and where the said bill of exceptions closed as follows: "This being all the testimony, and the only evidence which was submitted and heard in the case, thereupon it was considered and adjudged," &c.; *Held*, 1. That it did not appear from the transcript, that all the testimony introduced in the court below, was contained in the record; 2. That the depositions were not sufficiently identified as those used upon the trial.

*Appeal from the Muscatine District Court.*

FRIDAY, APRIL 9.

This action is brought to recover upon a contract, by which defendants undertook to cut, pack, salt, and prepare for market, at their packing house in Muscatine, about one thousand hogs. The petition charges that the said meat was cured and handled in such an improper, insufficient, and negligent manner, that a large portion of it was entirely spoiled and lost. The answer denies all negligence, or want of care as charged, and avers that said meat was removed from the possession of defendants, expressly at the risk and instance of said plaintiffs, so far as related to the insufficient curing and handling of the same. The replication denies this averment. The cause was submitted to the court, (neither party demanding a jury), and judgment being for plaintiffs, defendants appeal.

The other material facts will be found in the opinion of the court.

*David C. Cloud,* for the appellants.

*Richman & Brother,* for the appellees.

WRIGHT, C. J.—The appellants insist that the testimony did not warrant the judgment, and this is the only question presented for our determination. The appellees claim that it in no proper manner appears, that all the testimony introduced in the court below, is contained in the record before us. This position, we think, is well taken, and

must dispose of the case. In one part of the transcript, we find the depositions of several witnesses on the part of plaintiffs. On the day after the rendition of the judgment, a bill of exceptions was signed and filed, which recites that "after the reading of the depositions and other printed and written, here on file of record in this case, the attorney for plaintiffs, called to the witness stand, John Semple, who being sworn, testified as follows: [Here follows the testimony of this witness, and also the testimony of one Palmer, a witness introduced by the defendants]. The bill of exceptions then closes as follows: "This being all the testimony, and the only evidence which was submitted and heard in the case, thereupon it was considered and adjudged," &c.

What is meant by the words, "after the reading of the depositions and other printed and written, here on file of record in this case," is difficult to understand. It is quite manifest that some word, or words, are omitted in this sentence, for otherwise the words, "and other printed and written," would have no meaning. It was probably intended to refer to "other printed and written" evidence or exhibits. This construction is certainly as favorable as the defendants can ask. Thus considered, we remark, in the first place, that no such evidence or exhibits are to be found in the bill of exceptions, or so made a part of it, as to bring it to our attention. But in the second place, the depositions are not sufficiently identified as those used upon the trial. They are not referred to as the depositions of A., B., C., D., &c.; nor as depositions attached to the bill of exceptions, marked A., or otherwise. They are not embodied in the bill, nor is there anything whatever, to show what depositions were used on the trial. It would be unsafe, and contrary to numerous decisions of this court, to say that certain depositions found in the transcript, are those used on the trial, or the only ones used, where they are not clearly identified, or where it is not as clearly shown that there was no other testimony.

Where a party seeks to reverse a case, upon the ground

that the verdict or finding of the court is against evidence, the record should not leave to inference, that all the testimony is before us, but the fact should appear affirmatively and conclusively. In this case, the court below may have had much other evidence; the depositions found in the record, may have been read, and may not; and under such circumstances, it would be contrary to the well settled adjudications of this court, to disturb the judgment. *Harman* v. *Chandler*, 3 Iowa, 150, and cases cited.

And thus, without considering whether the testimony was sufficient to sustain the finding of the court, we conclude that this judgment must be affirmed. Should we take it for granted, however, that all of the testimony was embodied in the record, we should strongly incline to the opinion, that the judgment was fully warranted. But upon this view of the case, we need not say more.

Judgment affirmed.