Mumma v. McKee.

## MUMMA V. MCKEE.

1. MOTION TO STRIKE A PLEADING FROM THE FILES. An order overruling a motion to strike a replication from the files, will not be reversed when it appears: 1. That the motion was made after the jury was sworn. 2. That the plaintiff was permitted to, and did rejoin to such replication. 3. That the issue tried did not turn upon the new matter alleged in the replication.
2. OBJECTION IN THE COURT BELOW. Objections not presented in the court below will not be considered by the appellate court.
3. WITNESS: COMPETENCY. A party claiming title to personal property is a competent witness for the plaintiff in an action of replevin brought by another party, to show that the plaintiff was entitled to the possession.
4. DEPOSITIONS: NOTICE. It is not necessary in a notice of the taking of depositions to give the names of all the witnesses whose depositions will be taken.
5. SAME. Defects in a notice of the taking of depositions is cured by the appearance of the party notified.
6. OBJECTIONS: WHEN MADE. Motions to suppress depositions must be made before the commencement of the trial of the cause.
7. BILL OF EXCEPTIONS: REFERENCE. When instructions of the court to the jury are made the subject of a bill of exceptions, they should either be incorporated in the body of the bill, or referred to in such manner as to leave no room to doubt their identity and genuineness.
8. ISSUE IN REPLEVIN. The questions arising in an action to replevin property, held by an officer under a writ of attachment, presented and discussed.

*Appeal from Warren District Court.*

WEDNESDAY, NOVEMBER 7.

REPLEVIN for property claimed to be exempt from execution and attachment. This property was levied upon by the defendant as sheriff, under an attachment against plaintiff

and another, at the suit of one Wells. Judgment for plaintiff, and defendant appeals.

*C. C. Cole* for the appellant, to the point that the surety on a replevin bond can not be used as a witness for the plaintiff in the replevin suit, cited 1 Greenl. Ev. section 392 and note, and section 393; 2 Phil. Ev. note 109; *Wallace's Exr's v. Troyman*, 3 J. J. Marsh. 461; and to the point that the right of an officer to hold property seized by virtue of a writ of attachment, can not be defeated by showing that the attachment was wrongfully sued out, *Sackett, Belcher & Co. v. Partridge & Cook*, 4 Iowa 418; *Sample v. Griffith*, 5 Iowa 378.

*Jeff. S. Polk* and *C. C. Nourse* for the appellee, contended: 1. That the evidence and instructions of which appellant complains, has not been made a part of the record in this case, citing, *Reed v. Howard*, 1 G. Greene 153; *Humphrey v. Burge*, Ib. 223; *Harman v. Chambers*, 3 Iowa 151; that the evidence shows that plaintiff had a mere right of possession for a limited period, and that right is not subject to attachment or execution. Story on Bailments, section 395; *Hartford v. Jackson*, 11 N. H. 145.

WRIGHT, C. J.—Many errors are assigned, and without designing to examine them in their order, we shall state briefly our views upon the the more important questions involved.

It may be stated that the record is in the utmost confusion, and that it is quite difficult to determine with sufficient certainty, in many instances, what was decided by the court below. If any of the errors relied on therefore, shall not receive notice, it will be understood that it is because the record fails to present them properly to our attention.

Defendant moved to strike from the files plaintiff's replication. Plaintiff moved to strike out this motion, and this latter motion was sustained. When we determine whether defendant's motion should have been sustained, we in effect pass upon the questions here presented. And we are quite

clear that it should not.    It should not : *First,* because it was filed after the jury was sworn, without any good cause shown for the delay :  *Second,* for the reason that he was afterwards allowed to take issue upon the new matter set up in the replication, and did rejoin to the same, and as far as can be seen, without any prejudice to his right. : *Third,* it is very conclusively shown that the case did not turn upon the new matter set up.    On the contrary the record is full of evidence that the case was presented to the jury and determined upon other, and different, grounds.

A certain bill of sale from plaintiff to one Bare for a portion of the property, was offered by plaintiff, objected to, and the objection overruled.    On the argument it is objected that the bill of sale was not recorded and that there was no proof of its genuineness.    The first objection is based upon a wrong view of the record.    This shows that the instrument was filed for record, and duly recorded.    As to the second objection it is sufficient to say that it was not made in the court below.    Other objections were made, but this was not. It now comes too late.    *Rindskoff Bro. & Co.* v. *Malone,* 9 Iowa 540.

The deposition of Bare was offered in evidence and objected to, on the ground that the witness was interested, as shown from his own testimony.    There is nothing however to show the interest.    He states that notwithstanding the bill of sale, plaintiff was to continue in the possession of the property and had a right to the possession.    The witness had no interest certainly to swear that the possession was rightfully in the plaintiff, for if the title was in witness he could assert against the attaching creditors, whatever the result of this suit.    His interest, if either way, was against the party calling him.

The objection that the interrogatories were leading, was made too late, when urged for the first time upon the plaintiff offering to read the deposition.

After the testimony was closed on both sides, the court adjourned for dinner.    At the coming in of the court defendant moved to exclude the deposition of Bare, upon the

ground that he was one of the sureties on the replevin bond. This motion was overruled, and this ruling assigned for error. The case of *Austin* v. *Peasley*, 1 G. Greene 257, is an authority for the ruling made in this case. The witness was incompetent, (1 Greenl. Ev. section 292 and note 3,) but the objection was not made at the proper time.

Notice was given to defendant that the deposition of Bare and others would be taken on a day, and at a place, named. Under this notice, Bare and one Whitney were examined. When Whitney's deposition was offered in evidence, it was objected that no notice was given of the taking of the same, and the point made is this—his name should have been given in the notice. The objection was properly overruled; *First*, because it is unnecessary to give the name of all the witnesses in the notice and the objection if made at any time is without weight: *Second*, in this case, the objection was made after the trial had commenced and was therefore too late, Code section 2464: *Third*, the defendant was present at the taking of the deposition, and made no objection of this kind, or any other, except to some of the interrogatories.

It is claimed that certain instructions were asked by defendant, and refused, and this refusal is assigned for error. The necessity for requiring the instructions to be embodied in the bill of exceptions, or to be referred to in such a manner as to leave no room to doubt of their identity and genuineness, was never more clearly shown than in this instance. The bill of exceptions recites that certain instructions were refused. They are not copied, but referred to as exhibits found on certain pages, but whether of the record or what, is not stated. By reference to these papers it appears that certain instructions there found were on defendant's motion, given, though on the margin the word "refused" is written in pencil, but by whom or when is not shown. Under these circumstances we cannot notice the correctness or incorrectness of these instructions.

And upon grounds quite as conclusive, we can not pass upon the instructions claimed to have been given at the instance of

plaintiff.  They are not referred to in such a manner as to properly make them a part of the bill of exceptions.  *Harmon* v. *Chandler*, 3 Iowa 150, and cases there cited.

We can not say that the verdict was so clearly against the evidence, as to entitle the defendant to a new trial.

It is objected that by this action, plaintiff is virtually permitted to take issue upon the matter stated in the affidavit for an attachment and that this is not permissible.  We do not so understand the case.

Plaintiffs action is based upon the claim that the property in controversy is *exempt* from execution or attachment.  If it was, then it was exempt from seizure by this process, and to regain the possession of it, he was entitled to this writ. Whether the plaintiff in the attachment made a good or bad affidavit for the same, whether he had or had not good reasons for the belief therein stated, whether the plaintiff in this case was owing him the amount stated or any amount— all these and other questions legitimately and usually arising in an action upon an attachment bond, were entirely immaterial in this case, and do not seem to have made any figure.  The question tried seems to have been, whether the property was exempt.

Judgment affirmed.