PIERCE BROS. & FLANDERS v. S. E. LOCKE & Co.

1. INSTRUCTIONS NOT A PART OF THE RECORD. The instructions of the Court to the Jury are not made by law a part of the record; and unless they are so made by an order of the Court they will not be considered when certified to this Court by the clerk alone.

2. DEPOSITIONS. Depositions accompanying a record will not be considered when they are not properly certified or identified as a part thereof.

*Appeal from Delaware District Court.*

MONDAY, APRIL 15.

CONSOLIDATED actions against S. E. Locke & Co., on account. The verdict was for the plaintiff. On defendant's motion a new trial was granted, for reasons which appear in the opinion of the court. The plaintiff appealed from the order granting the new trial.

*Wilson, Utley & Doud, and Hubbard & Preston* for the appellants.

1. When a witness on a trial was not unexpected by the party against whom he was produced, and his character was discredited, the court will not grant a new trial on the ground that the party has, since the trial, discovered further evidence of his want of credit. *Hammond* v. *Wadhams*, 5 Mass. 353, 1 Gra. & Wat. N. T. 220–3 ; *Jackson* v. *Osborn, ex dem Gills,* 2 Wend. 555 ; *Bunn* v. *Hoyt*, 3 John R. 255 ; *Floyd* v. *Monpocey*, 2 Nott & McCord 446 ; *Commonwealth* v. *Drew*, 4 Mass. 399 ; *Commonwealth* v. *White*, 5 Mass.

2. A verdict should not be disturbed when justice has been done between the parties. Gra. & Wat. N. T. 301. *Greenup* v. *Stoker*, 5 Gilm. 202 ; 11 Conn. 342 ; 10 Geo. 429 ; 6 Eng. (Ark.) R. 754 ; 23 Wend. 79.

3. Newly discovered evidence which is merely cumulative, or which would only go in mitigation of damages, is not sufficient ground for a new trial. *Manix* v. *Malony*, 7 Iowa 81 ; *Reeves* v. *Royal*, 2 G. Greene 451 ; *Pelamourges* v. *Clark*, 9 Iowa 1 ; *Pike* v. *Evans*, 15 John. 132 ; 2 Caines 129 ; 8 John. 86.

4. The affidavit of a juror cannot be used for the purpose of showing the particular testimony he relied upon in concurring in the verdict, as cause for a new trial; *Cook, Sargent & Cook* v. *Sypher*, 3 Iowa 484.

No appearance for appellee.

BALDWIN, J.—The record of this case is presented to this court in a very confused manner. Two cases, (and the pleadings in each) are consolidated ; and the venue having been changed the transcripts from each court are blended together with the instructions, depositions and *exparte* affidavits, without any degree of order.

The plaintiffs appeal from an order of the District Court granting a new trial. The motion made by the defendants for a new trial contains four causes therefor: *First*: That the verdict was against the law ; *Second :* Against the evidence; *Third:* That it had been ascertained, after the verdict,

that one of the witnesses of plaintiffs had testified to a falsehood, and that the verdict of the jury was rendered upon such testimony; *Fourth:* That the court erred in its refusal to give the instructions asked by the defendants.

We cannot, from the record, say that error affirmatively appears in the order of the court granting the new trial. The verdict may have been against the law as given by the court. What the law was as thus given does not appear. The instructions given and refused are not certified to us by the court by bills of exceptions. The clerk has only the power to certify up his record. Instructions are not made by law part of the records of a cause, unless by order of the court. And if we were authorized to consider the instructions certified by the clerk in this cause as those given and refused by the court, it does not even then appear that the instructions in the record were all that were given by the court.

We cannot for like reasons say that the verdict of the jury was or was not in accordance with the evidence. It is true that in a statement of the oral evidence certified as correct by the court, it is therein set forth that such oral testimony with the depositions marked as exhibits, was all the evidence offered; yet the depositions attached are in no manner, either by the certificate of the clerk, or the judge, or by any exhibit marks, identified as the depositions read in evidence on said trial. *Mumma* v. *McKee*, 10 Iowa 107; 3 Iowa, 180 and cases there cited.

The same difficulty presents itself in considering the *ex parte* affidavits filed in support of and as resisting the application for a new trial. The papers attached are in no manner so identified as to justify us in considering them as part of the record of the case. In fact the clerk certifies, upon page 51 of the record, that " the motion and the affidavits for a new trial cannot be found by the clerk," &c.

With this condition of the record we cannot say there was error in the order of the court granting a new trial. Every

presumption must be in favor of the ruling of the court; and the error must affirmatively appear or it cannot be considered.

Judgment affirmed.