State of Minnesota v. McIntyre.

## STATE OF MINNESOTA

*vs.*

## THOMAS McINTYRE.

' The first count of the indictment in this case *held* bad, because it did not contain allegations of *acts, facts* and *circumstances* constituting a public offense, as required by *Sections* 1 & 4, *ch* 108, *Gen. St.*, and by *Section* 3, *ch.* 111, *Gen. St.*    The *acts, facts* and *circumstances* alleged in said count may be true, and yet defendant be guilty of no public offense.

The second count of the indictment is drawn under *Section* 11, *·h.* 94, *Gen St.*, and is *held* bad, because it is not therein alleged that the administration of the medicine, drug or substance was not advised by two physicians to be necessary to preserve the life of the mother, to whom the same was administered.

The defendant was tried in the district court for Fillmore county upon the indictment set forth at length in the following opinion, and was convicted of manslaughter in the fourth degree. The district judge reported the case to this court upon a motion in arrest of judgment for alleged insufficiency of the indictment, and for errors at the trial. As the opinion deals only with the questions upon the indictment, it. is not necessary to state the exceptions taken at the trial.

F. R. E. CORNELL, Attorney General.

THOMAS WILSON and JOHN R. JONES for Defendant.

*By the Court.*—BERRY, J.—This case is reported, (under the

provisions of *Section* 1, *ch.* 76, *Laws* 1870,) for the determination of sundry questions arising in the course of the proceedings below, which are deemed sufficiently important or doubtful by the judge of the district court to require the decision of this court.

The questions first claiming attention relate to the sufficiency of the indictment, the first count of which reads as follows:

"Thomas McIntyre is accused by the grand jury of the county of Fillmore by this indictment, of the crime of murder in the second degree, committed as follows: That the said Thomas McIntyre, on the sixteenth day of August, A. D. 1870, at the town of Pilot Mound, in the county of Fillmore, in the State of Minnesota, feloniously and unlawfully did administer to Anna Mary Lafever, then and there being pregnant with a quick child, a medicine, drug or substance, a more particular description of the nature, quality and kind of which said medicine, drug or substance is to this grand jury unknown; the administering thereof being an act eminently dangerous to the person of said Anna Mary Lafever, and the said Thomas McIntyre then and there evincing a depraved mind on the part of the said Thomas McIntyre, regardless of the life of the said Anna Mary Lafever, although without any design to effect her death; whereby the said Anna Mary Lafever became and was sick and languishing, and so continued by means thereof sick and languishing, until the 23d day of August, A. D. 1870, and then and there, by means of said medicine, drug or substance, died; which death was produced then and there by means of said drug, medicine or substance, so administered to the said Anna Mary Lafever by the said Thomas McIntyre, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Minnesota."

This count of the indictment is so clearly bad, that the attorney general has with entire propriety declined to defend it.  It is evidently framed under that part of *sec. 2, ch. 94, Gen. Stat.*, which provides that the killing of a human being without the authority of law, " when perpetrated by any act eminently dangerous to one or more persons, and evincing a depraved mind regardless of the life of such person or persons, although without any design to effect death, shall be murder in the second degree." By *section* 1, *ch.* 108, *Gen. Stat.*, an indictment is required to contain "a statement of the acts constituting the offense," and by *section* 4, of the same chapter, an indictment is required to be " direct and certain, as it regards the particular circumstances of the offense charged, when they are necessary to constitute a complete offense." By *section* 3, *chap.* 111, *Gen. Stat.*, an indictment is demurrable, when it appears from the face thereof that " the facts stated do not constitute a public offense," and objection on this ground is so incurably fatal, that it may not only be taken by demurrer, but upon the trial under the plea of not guilty, (as in this instance,) and in arrest of judgment.  The *acts, circumstances* and *facts*, thus required to be stated, are not averred in this indictment.  The averment, " then and there being a woman pregnant with a quick child," is mere surplusage, not being important in itself, nor made important by any further allegation.  The administration of the medicine, drug or substance, administered in this instance, is not alleged to be ordinarily dangerous to life, nor to have been known by the defendant to be so, nor is it charged that in this instance any peculiar circumstances existed, or were known by defendant to exist, which made its alleged administration dangerous in this case.  So far then, as the allegation of *acts, facts* and *circumstances* is concerned, the statement found in this count might be true, and the defendant innocent of any crime.

The second count of the indictment is as follows, viz.: "The said Thomas McIntyre is further accused by the grand jury of the county of Fillmore by this indictment of the crime of manslaughter in the second degree, committed as follows: That the said Thomas McIntyre, on the 16th day of August, A. D. 1870, at the town of Pilot Mound, in the county of Fillmore, and State of Minnesota, feloniously and unlawfully administered to Anna Mary Lafever, a woman pregnant with a quick child, a medicine, drug or substance, a more particular description of the nature, kind and quality whereof of said medicine, drug or substance is to this grand jury unknown, with intent thereby to destroy such child, the same then and there not being necessary to preserve the life of said Anna Mary Lefever, and not being then and there advised by two physicians to be necessary for such purpose; whereby the said Anna Mary Lefever then and there became and was sick and languishing, and so continued sick and languishing by reason thereof until the 23d day of August, A. D. 1870, and then and there, by means of such medicine, drug or substance, died; which death was produced then and there by means of the said medicine, drug or substance so administered to the said Anna Mary Lafever by said Thomas McIntyre, with intent to destroy such child as aforesaid, contrary to the statute in such case made and provided and against the peace and dignity of the State of Minnesota."

This count of the indictment is framed under *sec.* 11, *ch.* 94, *Gen. Stat.* which enacts that "whoever administers to any woman pregnant with a quick child any medicine, drug or substance whatever, or uses or employs any instrument or other means, with intent thereby to destroy such child, unless the same is necessary to preserve the life of such mother, or was advised by two physicians to be necessary for such purpose, shall, in case the death of such child or of such mother

is thereby produced, be guilty of manslaughter in the second degree." The administration of the medicine, drug or substance is not an offense under this section, if it was necessary to preserve the life of the mother, or was advised by two physicians to be necessary for such purpose. The absence of both of these requisites, viz. : of the necessity and of the advice of the necessity, is therefore an essential ingredient of the crime.

An indictment, then, in order to state *acts, facts* and *circumstances* sufficient to warrant a conviction under *sec.* 11, (*supra,*) must state that the administration of the medicine, drug or substance was not advised by two physicians to be necessary to preserve the life of the mother. And as the statute does not require that the advice referred to shall be given *at the time and place when and where* the medicine, drug or substance is administered, so it is not sufficient for the indictment to deny that its administration was *then and there*, that is to say at the time of the administration, advised by two physicians, &c. Such is, however, the only sensible and reasonable construction which can be put upon the words " not being then and there advised by two physicians," &c., found in this second count of the present indictment, which is therefore bad.

The same conclusion is also reached by the application of the familiar rule that, where the enacting clause of a statute, under which a criminal prosecution is brought, describes the offense with certain exceptions in such clause expressed, it is necessary that an indictment should negative such exceptions ; and this rule seems to be based chiefly at any rate on the grounds above indicated. *Com. vs. Maxwell*, 2 *Pick.* 139 ; *Com. vs. Hart*, 11 *Cushing*, 130. And these exceptions may as well be designated by the word " unless," as in the statute above quoted, as by the word " except." *Com. vs. Hart, supra.*

In our opinion, then, both counts of this indictment are

bad.   The second count, as well as the first, fails to show that the defendant has been guilty of a public offense, since, as above pointed out, it does not appear therefrom but that the advice of two physicians as aforesaid had been given, in which case the defendant would not be guilty of any offense. *Com. vs. Maxwell, supra.*   If this is so, it cannot be reasonably contended that, upon either or both of these counts, the defendant can be convicted of the particular offenses, of which he is accused by the grand jury, or of any other.

These conclusions, of course, render it quite unnecessary for us to express any opinion upon the many other points presented by this case, since they all relate to proceedings had upon the trial below, all of which, of course, fall with the indictment.