The State of Iowa v. Beneke.

*S. A. Rice and Wm. Loughridge,* for the appellee.

## THE STATE OF IOWA v. BENEKE.

1. PROPOSITIONS SUBMITTED TO THE PEOPLE.  As to the power of the Legislature to submit to the people the proposition whether an act shall become a law or not, *Santo* v. *The State,* 2 Iowa, 165, is cited and reaffirmed.

2. SECTION NOT REPEALED.  The sixth section of chapter 45, Laws of the

The State of Iowa v. Beneke.

Fifth General Assembly, (1854–5) was not repealed by chapter 157, Laws of the Sixth General Assembly, (1856–7.) *Clare* v. *The State*, 5 Iowa, 549, cited and followed.

3. INDICTMENT: NEGATIVE CHARGES. It is not necessary to charge in an information or indictment for selling intoxicating liquors in violation of the acts above mentioned, that the liquors were *not sold* for sacramental, medicinal, mechanical or culinary purposes; nor *that at the* time the liquors were sold, the defendant was the keeper of a hotel, grocery, eating-house, or confectionary.

4. SAME: NEGATIVING EXCEPTIONS. The rule for negativing excepted cases, is, that the indictment must negative the exceptions expressed in the *enacting clause.*

5. JURY OF LESS THAN TWELVE MEN. Section eleven of the Bill of Rights, and the statute providing for juries of less than twelve men, in inferior courts, is not in violation of the second article of the ordinance of 1787.

6. SAME. The accused is entitled to a trial by a jury of twelve men, but may be tried by a jury of less number, in an inferior court, while a trial by a jury of twelve may be secured by an appeal to a higher court.

7. APPEAL BOND. The condition of an appeal bond, in a criminal action, should be, that the defendant will appear, will not depart from the court without leave, and will abide the judgment. A bond conditioned that the defendant will pay whatever amount may be adjudged against him, cannot be required.

8. *Bryan* v. *The State of Iowa*, 4 Iowa, 350, cited, and error therein, corrected.

## *Appeal from Lee District Court.*

### MONDAY, JUNE 27.

An information was filed before a justice of the peace, against the defendant, for the sale of intoxicating liquors, on 22d of December, 1858, in violation of the laws for the suppression of intemperance. Act of January 22, 1855, (Acts 1855, 58,) and act of January 28, 1857, (Acts 1857, 231.) Before the justice, the defendant was found guilty, and he appealed to the District Court, where he was again convicted, and a fine of twenty dollars imposed upon him, from which judgment he appeals. The facts and errors assigned, are sufficiently shown in the opinion.

*Claggett, Brown & Claggett*, for the appellant.

*James Raley*, for the State.

WOODWARD, J.—We are under the necessity of noticing the errors assigned in a brief manner only. But the subject matter of some of them, has received consideration in other causes.

The first is, that the court erred in overruling the defendant's motion to quash the information. The grounds upon which this motion was based, were the following:

*First,* That the statute under which the information is prosecuted, is unconstitutional and void, because its taking effect depended upon a vote of the people. This subject was discussed in the case of *Santo* v. *The State,* 2 Iowa, 165, in which there was a dissenting opinion, it is true, but the case has, since then, repeatedly been recognized; and this, too, since there was a change of one member of the court. We see no reason for departing from that decision.

*Second,* That the statute of 1855 was repealed, before this prosecution was commenced. The whole of that act, was not repealed by the act of 1857, before referred to. The latter repeals certain parts of the former, and also so much of it as conflicts with the repealing act. But section six of the act of 1855, remains. This will be referred to again under another ground.

The third, fourth and fifth objections to the information, were, that it does not charge that the liquor sold was not sold for sacramental, medicinal, mechanical, and culinary purposes; nor that the defendant had no license to sell, from the county judge; nor does it charge that, at the time of selling, the defendant was the keeper of a hotel, grocery, eating-house, or confectionary.

The act of the 28th of January, 1857, enacts that any citizen, *except* keepers of hotels, saloons, eating-houses, groceries and confectionaries, are permitted to buy and sell liquors, for mechanical, medicinal, culinary and sacramental purposes only. The defendant's argument is, that these things

must be negatived in the information. The argument assumes, in part, that the complaint is based on the act of 1857. But as we regard it, this is based on the act of 1855. The 6th section of this act is not repealed. The defendant renews the objection advanced in *Clare* v. *The State*, 5 Iowa, 549, that the sixth section was repealed by the first section of the act of 1857. But this was shown, in that case, to be incorrect. The error is in the first section of the statute of 1857.

Then, we start with the proposition that primarily, the sale of intoxicating liquors is prohibited. But by the act of 1857, (section 2,) any one, &c., except keepers of certain kinds of houses, may buy and sell for certain enumerated purposes, provided they obtain a license, and give a bond in the manner therein provided. Prohibition is the rule, and selling the exception. The rule for negativing excepted cases, is, that the indictment must negative exceptions made in the *enacting clause*. But these matters are in another act, and so, far from being such that the information must notice them. The defendant must plead a license, if he had one. Still more unnecessary is it that the complaint should aver, that defendant is not the keeper of a hotel, &c., for these could not sell under either act—not under that of 1855, because that contains a general prohibition; and not under that of 1857, for while that qualifies the other act, and permits some to sell, under conditions, it excepted the classes named, and they cannot even obtain a license. And still more remote is the idea that the information should aver that the liquors were not sold for mechanical or other permitted purposes. This has no connection with the rule we are considering, while the general rule is, that none can sell, the exception is that even those who may obtain a license, can obtain it to sell only for those purposes. These objections are without weight. It was not requisite that the complaint should negative or except any of these provisions.

Again, the defendant takes the ground that he was entitled to a jury of twelve men before the justice of the peace, which he demanded, and it was refused. He urges that the

provisions of the constitution, section 11, of the Bill of Rights and the statute providing for a jury of a less number than twelve before inferior courts, where the life or liberty of a citizen is involved, are void, being in violation of the ordinance of 1787.

This ordinance, (art. 2,) secures the right of trial by jury, and a jury, without question, means one of 12 men. *Bryan* v. *The State*, 4 Iowa 350. But it has at no time, nor in any country, been held that this means that he shall have such a jury, at all times and under all circumstances. We believe the doctrine to be, at least in the United States, that the party shall have *access* to a jury of twelve, if he demands it, but not that he may require it for all offences in the first instance, nor in all courts. All of the states have, since the beginning of their governments, punished for the lesser offences, without such a jury; and all the north-western states have done the same thing, ever since the adoption of the ordinance. However strong may be the tendency, in some parts, to unsettle every. question, and to consider nothing settled permanently, we do not think it advisable, on this subject, to undertake to overturn what has been regarded as well settled law for so long a time, and in so many states.

We must regard it as within the power of this people, when forming their fudamental law, to provide that a jury should consist of six in inferior courts, and that such courts should try inferior offenses, leaving the way open to a jury of twelve, by appeal. It is argued by some, that such a constitutional provision is sufficient to make a jury of six, competent to all purposes in the cases which may come into those courts. But we will not undertake to determine this. We will go no farther than to say, that it is sufficient if the party can obtain a jury of twelve by appeal.

This brings us to another position of the defendant, which is, that the exercise of this right of appeal, if the above doctrine be correct, cannot be trammelled and fettered by a requirement that the defendant give bond, in a penalty, to pay such sum as may be adjudged against him on appeal. In

other words, that the right to appeal cannot, rightfully, be restricted by a condition that he give such a bond. This subject is touched upon in *Bryan* v. *The State*, 4 Iowa, 350; and the writer would remark in passing, that the passage on page 350, " and if he did not give bond and surety he stood in no position to test the principle above claimed by him," is an error, and not what was intended. In order to test the principle, he should claim his appeal, without giving the security. But the error does not affect the main point under consideration in that case. But our law does not require the appellant to give a bond, nor a recognizance, with such a condition as above named. The defendant concedes that the law may require him to enter into a recognizance, with surety, for his appearance, &c. Now, this is just what the law does. The act concerning appeals in criminal cases, approved January 28th, 1857, (Acts 1857, 303,) enacts that he shall give bond, with sureties, under a condition that he will appear, and will not depart without leave, and will abide the judgment. When he was arrested, he was in custody, and after being convicted in the inferior tribunal, he, surely, has no claim to be discharged and set free, on taking an appeal. He must, at least, give assurance that he will be present at that court to which he has appealed. The clause that he will abide the judgment, means only that he will place himself within the power of the law, as he was before he appealed; and the *bond* is, in substance, no more than a recognizance. This is different from giving security to pay the amount which may be adjudged against him, on appeal, and this is what the defendant concedes the right of the law to require.

It appears from the transcript, however, that the defendant was required to give, and after being committed, did give a penal bond, with surety, in a condition that he would pay whatever amount should be legally adjudged against him in the further progress of the cause. This was not required by the law, and it was an error to demand it of him. It would seem that the condition was taken from that required in appeals in civil causes. He offered to enter into a recog-

nizance, with surety, for his appearance, which was refused. The bond required by law amounts to this only, and such an one should have been received. We do not receive the idea that he objected to its being in writing, that giving it no more force than a recognizance which is entered of record. Further it is urged that the act with which defendant is charged, is no offense against the laws of the State. This position was supported by the same points which are made under the other heads, as that the law was repealed, &c. The complaint is sufficient in form and in averment, and the other objections to it, are considered in the views above expressed. The ground urged on the motion for a new trial, is the same with those for quashing the information, and under the other errors.

The judgment of the District Court is affirmed.