The State of Iowa v. Williams.

---

THE STATE OF IOWA v. WILLIAMS.

1. **Indictment:** NEGATIVE AVERMENTS : BIGAMY. In an indictment for bigamy it is not necessary to negative any of the exceptions specified in section 4348, Revision of 1860.

> *Argu.* 1. When the exceptions are expressed in a distinct class it is not necessary to negative them in the indictment, even though the provisions of the section defining the offense should expressly notice them.

2. **Bigamy:** EVIDENCE. On the trial of an indictment for bigamy the testimony of a witness who was present and witnessed the marriage is sufficient, without record evidence.

3. —— VARIANCE. An indictment for bigamy charged that the second marriage was with one Jane Jaco, while the proof shows her name to have been Jane Frances Jaco: *Held,* that the variance was not fatal.

*Appeal from Wapello District Court.*

THURSDAY, FEBRUARY 1.

INDICTMENT for bigamy, verdict of guilty, with judgment thereon, and sentence to two years in the penitentiary. Defendant appeals.

*A. W. Gaston* for the appellant.

*F. E. Bissell,* Attorney-General, for the State.

COLE, J. — I. The indictment was in the usual form, and charges the crime of bigamy, but does not negative any of the exceptions specified in the statute. Section 4348, of the Revision of 1860, defines the offense of bigamy, and prescribes the penalty therefor. Then follows section 4349: "The provisions of the preceding section do not extend to any person whose husband or wife has continually remained beyond seas, or who has voluntarily withdrawn from the other and remained absent for the space of three years together, the party marrying again, not knowing the other to be living within that time; nor to any person who has good reason to believe such husband or wife to be dead; nor to any person who has been legally divorced from the bonds of matrimony."

*1. INDICT-MENT: bigamy: negative averments.*

It is now insisted that the indictment is insufficient, in that it does not negative the exceptions contained in the section quoted.

The rule is, as stated by Mr. Wharton, that if provisos and exceptions are contained in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. Nor is it even necessary to allege that he is not within the benefit of its provisos, though the purview should expressly notice them, as by saying that none shall do the act prohibited, except in the cases thereinafter excepted. For all these are matters of defense, which the prosecutor need not anticipate, but which are more properly to come from the prisoner. 1 Whart. Am. Cr. Law, §§ 378, 379, and authorities cited. Or, as the rule is stated in *Sequet* v. *The People*, 11 Ill., 330, "if there be any exception in the same clause of the act which creates the offense, the indictment must show affirmatively that the defendant does not come within the exception; but if the exception or proviso be in a subsequent clause or

statute, or, if in the same section, and not incorporated with the enacting clause by any words of reference, it is in that case matter of defense, and need not be negatived in the pleading." See also, *Metzker* v. *The People*, 14 Ill., 101; *Romp* v. *The State*, 3 G. Greene, 276. These principles, applied to the indictment in this case, show it to be good and sufficient and the objections thereto groundless. The defendant had leave to show, by evidence, that he was within any of the exceptions, but failed to do so, or offer any proof thereon.

II. Upon the trial, the State introduced witnesses who were present and saw the respective marriages in this State, and that they were followed by cohabitation and recognition as husband and wife. It is now **2. BIGAMY: evidence.** objected that this evidence was not sufficient. It is laid down as a general rule, by Mr. Wharton, in his Treatise on Criminal Law, that the testimony of a witness, present at the time of the marriage, is abundant evidence of the fact. 2 Whar. Am. Cr. Law, § 2632. While there may be isolated cases holding record evidence necessary, we are content to follow the general rule as stated.

III. The indictment charges the second marriage to have been with one Jane Jaco, while the proof shows her name to have been Jane Frances Jaco. It is claimed **3 —— variance.** that this is a fatal variance. We do not so regard it, *vide The State* v. *Thompson*, 19 Iowa, 298.

We have examined the record and all the objections made by appellant's counsel, and find no error. The judgment of the District Court is therefore

Affirmed.