The State v. Curley.

33    359
f133    169

## THE STATE v. CURLEY.

1. Intoxicating liquors: INDICTMENT: EXCEPTIONS: ONUS. In a prosecution for violation of the prohibitory liquor law the time of selling need not be proved as laid in the indictment.

2. —— Nor need it be averred in the indictment, nor proved by the State, that the liquor sold was that not included in the exceptions of the act. The burden of proving this rests on the defendant.

3. —— To sustain a conviction for selling wine made from fruit grown out of the State, it need not be proved that the liquor was intoxicating.

*Appeal from Polk District Court.*

FRIDAY, FEBRUARY 23.

DEFENDANT was indicted and convicted of keeping a nuisance in maintaining and using a building for keeping

The State v. Curley.

and selling intoxicating liquors. He was fined in the sum of $500, and now appeals to this court.

*D. O. Finch* for the appellant.

*H. O'Connor*, attorney-general, for the State.

I. BECK, Ch. J. — We are asked to reverse this case on the ground that the verdict of the jury is not sustained by

1. INTOXICAT-ING LIQUORS: indictment: onus.

the evidence. We have carefully examined the abstract, which contains all of the evidence, and are of the opinion that the verdict is well supported by the proof. There is positive evidence of an act of selling wine, and the proof shows that it was not made from fruit grown within this State, which, under *The State* v. *Stapp*, 29 Iowa, 551, was not necessary to be proved by the State. The burden of proving that it was liquor excepted from the operation of the law for the suppression of intemperance by Revision, section 1583, if such a defense was made, rested upon defendant. An act of selling whisky was also proved. But counsel for defendant insists that the proof did not authorize a conviction for this act, as, under the evidence, the time of the sale was before the day charged in the indictment. We think that the jury were authorized by the evidence to find that the selling was at the time alleged. At all events the time of the act need not be proved as laid, and a selling at another time would support a conviction.

II. An instruction was given to the effect that the jury should convict if they found that defendant kept a building for this sale of *intoxicating* wine not made from fruit grown in the State. The defendant's counsel appear to have overlooked the last clause of this instruction as to the liquor made from the fruit of this State, and, because, as he mistakingly claims, such a condition is not embodied in the instruction, insists that it is enormous. But the instruction would have been correct, had it omitted the substance

of the clause referred to, which need be neither averred in an indictment nor proved upon the trial, in order to authorize a conviction. *State* v. *Stapp*, *supra*. The allegation that the wine sold was intoxicating is a mere surplusage, and did not therefore demand proof by the State. The sale of wine made from fruits grown out of the State is prohibited, and, to sustain a conviction for the act of selling such liquors, it need not be shown that they are intoxicating.

Affirmed.