## THE STATE v. LEEPER.

1. **Murder**: BY PRODUCING MISCARRIAGE: INDICTMENT. An indictment for the crime of murder, committed by producing the miscarriage of a pregnant woman, must allege that the acts charged to have been done were done with the intention of producing the miscarriage, and it must be averred that the miscarriage was not necessary to save the woman's life; but the indictment in this case was sufficient in these respects.

2 ———: ———: EVIDENCE HELD SUFFICIENT. The evidence in this case considered, (see opinion,) and *held* sufficient to support a verdict of guilty on an indictment for murder committed in feloniously producing a miscarriage.

3. **Criminal Evidence**: DYING DECLARATIONS: COMPETENCY. Where the defendant on a charge of murder was the decedent's physician, and he told her that she could not recover, and must soon die, and she expressed her belief in her approaching death, *held* that her statements, made on her death-bed, as to the cause of her death, were properly admitted as dying declarations.

4. **Evidence**: ELICITED BY APPELLANT'S COUNSEL. An appellant cannot in this court complain of the admission of evidence elicited by his own counsel on cross-examination of a witness.

5. **Criminal Evidence**: IMPEACHMENT: NO FOUNDATION. Evidence taken before the grand jury cannot be used on the trial to contradict or impeach a witness, when no foundation has been laid for such evidence, as required by law.

*Appeal from Jefferson District Court.*

THURSDAY, DECEMBER 2, 1886.

DEFENDANT was indicted for murder in the second degree, perpetrated by unlawfully causing and producing a miscar-

riage of Emma Monson, a pregnant woman. Upon conviction he was sentenced to confinement in the penitentiary for twenty years. He now appeals to this court.

*Palmer & Palmer*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, J.—I. The decision of this case demands the consideration of many questions raised by counsel for defendant. They will receive such consideration and discussion as their nature and importance demand.

Objection is made to the indictment on the ground that it does not charge a crime prescribed by the laws of this state.

1. MURDER: by producing miscarriage: indictment. Counsel's position is based upon the thought that the defendant fails to allege that the acts charged therein were done with the intention of causing and producing the miscarriage, and that the miscarriage was not necessary to save the woman's life. Code, § 3864, provides that "if any person, with the intent to produce the miscarriage of any pregnant woman, willfully administers to her any drug or substance whatever, or, with such intent, uses any instrument or other means whatever, unless such miscarriage shall be necessary to save her life, he shall be imprisoned in the state prison for a term not exceeding five years, and be fined in a sum not exceeding one thousand dollars." The killing of a human being, with malice, in the perpetration of a felony, is murder in the second degree. The indictment for the crime of murder so committed must doubtless allege that the acts charged to have been done in the perpetration of the felony were done with the intention to commit such crime, and it must be averred that the miscarriage was not necessary to save the woman's life. The indictment, in the plainest language, shows that the acts alleged were done with the design and intention to produce a miscarriage, which it is averred was not necessary to save the life of the woman; thus showing that the absence of

necessity to save life was within the contemplation of defendant, and negativing the thought that the acts charged were done by the accused with such intent and purpose. We are of the opinion that the indictment is not subject to the objection urged by counsel for defendant.

II. Counsel urge, with a great deal of earnestness, that the evidence entirely fails to show the guilt of defendant, and that the judgment ought therefore to be reversed. We do not concur in that opinion. It clearly appears that the death of the woman was caused by a miscarriage. This is shown by the condition of the body as revealed by a *post mortem* examination, by the united testimony of all the witnesses to her death who had an opportunity to discover the cause of her sickness, and by inference authorized by the admissions and acts of the defendant himself before her death. The evidence quite satisfactorily establishes that the miscarriage was caused by defendant, not for the purpose of saving the life of the woman, but to conceal illicit relations existing between them. The defendant is a physician, and the woman had lived in his family for ten or twelve years, beginning her residence there at the age of twelve.

2. ——: ——: evidence held sufficient.

There is evidence tending to show improper intimacy between them. The mother, sister and brother of the woman were with her before her death. The defendant was her physician, and treated and nursed her while they were with her; being constantly in the room with her, and even refusing to leave at her request. He informed them that she would not recover, and imparted the same information to the woman. After this she informed these relations more than once that she was dying, or about to die, and in the same or other conversations stated that her sickness and approaching death were the result of a miscarriage caused by defendant, who had used instruments to produce it. She made these statements in defendant's presence, but in the Swede language, which it appears defendant did not understand.

Many other facts and circumstances appear in the evidence tending to show that the woman's death was the result of a miscarriage caused by defendant. There is not a single fact or circumstance tending to show that the miscarriage was necessary to save the woman's life. We conclude that the verdict of the jury is sufficiently supported by the evidence.

III. Counsel for defendant insist that the statements of the woman on her death-bed were not competent as dying 3. CRIMINAL declarations, for the reason that the evidence fails evidence: dy-ing declara- to show that she understood and believed that tions: com-petency. she was dying, or about to die. To our minds the evidence on this point is quite satisfactory. Her physician, the defendant, informed her that she could not recover, and would soon die. She declared her belief of her approaching death. In our opinion, the district court rightly admitted in evidence the statements of the woman testified to by the witnesses as dying declarations. Their competency was a matter for the determination of the court. *State v. Elliott*, 45 Iowa, 486.

IV. Counsel for defendant has a great deal to say, in the nature of complaints, about certain testimony of the sister 4. EVIDENCE: of the deceased woman, giving a statement or elicited by appellant's declaration made by her in the Swede language. counsel. This evidence was elicited upon cross-examination of the witness by defendant; and the answer in Swede was given upon the express request and direction of the examiner. We fail to discover any prejudice which could have resulted to defendant from this evidence. Should there be any, he cannot complain, as it was elicited by his own counsel.

V. Certain evidence taken before the grand jury was offered in evidence, for the purpose, doubtless, of contradict-5. CRIMINAL ing and impeaching a witness for the state. It evidence: im-peachment: was rightly rejected, for the reason that the foun-no founda-tion. dation required by the law had not been laid for the introduction of the testimony.

VI. Much complaint is made, in a general way, without specifying particular grounds, of rulings upon the admission of evidence, and upon giving and refusing instructions. We have examined these rulings with care, and we fail to discover error therein.

The foregoing discussion disposes of all questions in the case. We reach the conclusion that the judgment of the district court ought to be

AFFIRMED.