STATE OF IOWA v. JOHN W. SCHAFFER, Appellant.

**Criminal Law:** PROVING EXCEPTION. Upon the trial of an indictment under McClain's Code, section 5328, which declares that "if any person, without lawful authority, dig up, disinter, remove or carry away any human body, he shall be punished," etc., it is incumbent on the defendant to show that he had lawful authority.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

WEDNESDAY, OCTOBER 2, 1895.

The defendant was indicted for disinterring a human body from its place of burial, and carrying it away. Upon a trial he was found guilty, and he appeals.—*Affirmed.*

*Bishop, Bowen & Fleming* and *H. J. Clark* for appellant.

*Milton Remley*, attorney general, and *Jesse Miller* for the state.

Rothrock, J.—The evidence shows beyond question that the defendant, with three other persons, on the night of February 22, 1893, dug open a grave in Woodland Cemetery, at the city of Des Moines, and removed therefrom the dead body of one William Case. The act was done in a secret and clandestine manner, and the parties engaged in the enterprise were armed with revolvers. They were arrested while in the act of removing the body to a hack or carriage which they had provided to carry the remains away. The defendant was one of the active participants in the crime. He and another of the party were apprehended while engaged in dragging the dead body on the ground to

the hack by means of a rope around the neck and arm, and the officers who made the arrest compelled them to drag the body into the hack, and took the persons and the body to the police headquarters. The statute upon which the indictment was founded provides that "if any person without lawful authority, dig up, disinter, remove or carry away any human body," he shall be punished, etc.

The court instructed the jury, in substance, that, where one who has disinterred or removed a dead body from its resting place seeks to justify the act, he must show that he had a lawful permit from the state board of health, and that, the defendant in this case having failed to show that he had a permit, it should be presumed that he did not have any. It is urged in behalf of appellant that the court erred in directing the jury that the subject of the disinterment and removal of the dead was under the control of the state board of health. If it be conceded that the instructions complained of were erroneous, they were clearly without prejudice, because it was not incumbent on the state to prove the negative fact that the defendant had no lawful authority to do the act. And, even if that burden was on the state, the proof of the criminal intent and the want of authority was manifest from the manner in which the act was performed. It is a general rule, applicable to the trial of criminal cases, that, where there is an exception in a general statute, it is not incumbent on the prosecution to prove that the defendant is not within the exception. The fact being peculiarly within the knowledge of the accused, it is incumbent on him to show that he is not criminally liable for the act because he is within the exception. In 1 Greenl. Ev. page 12, the rule is expressed in this language: "But, where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that

party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons except those who are duly licensed therefor; as selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it without the least inconvenience, whereas, if proof of the negative were required, the inconvenience would be very great." The case requires no further elaboration. There was no prejudice by the direction to the jury as to the manner in which the defendant might show that he had lawful authority to remove the body. There is no claim made that he had such authority, and no evidence tending to show it. The judgment of the district court is *affirmed*.