STATE OF IOWA v. MARY H. AIKEN, Appellant.

Abortion Indictment: NEGATIVING EXCEPTION IN STATUTE. An indictment, under Code, section 4759, providing that any person who attempts to produce miscarriage of any pregnant woman, "unless such miscarriage is necessary to save her life," shall be imprisoned, must negative the exception.

PROVING SUCH NEGATIVE. In prosecution under Code, section 4759, which provides that any person who attempts to procure a miscarriage of any pregnant woman, unless such miscarriage is necessary to save her life, shall be imprisoned, the burden is on the state to negative the exception in the statute.

EVIDENCE. Evidence that the woman on whom abortion was performed went with her mother to the office of defendant, a doctor, and requested her to perform an abortion; there being no evidence as to illicit intercourse, and no showing whether she was married or unmarried, and nothing to indicate their condition of health, except that she walked to defendant's office two or three times,—does not prove beyond reasonable doubt that the miscarriage was not necessary to save her life, and does not make out a *prima facie* case as to the exception contained in section 4759 of the Code, which provides for the punishment of any person performing abortion, unless such act is necessary in order to save the life of the mother.

*Appeal from Poweshiek District Court.*—HON. JOHN T. SCOTT, Judge.

TUESDAY, DECEMBER 12, 1899.

INDICTMENT for abortion. From a verdict and judgment of guilty defendant appeals.—*Reversed.*

*F. W. Paschal* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

DEEMER, J.—The section of the statute under which the indictment was found reads as follows: "If any person with intent to produce miscarriage of any pregnant woman wilfully administers to her any drug or substance whatever, or with such intention use any instrument or other means whatever, unless such miscarriage is necessary to save her life, he shall be imprisoned," etc. Code, section 4759. The indictment negatived the exception found in the statute, and the court instructed that the state must show, beyond a reasonable doubt, that the miscarriage produced by the defendant was not necessary to save the life of the mother. On behalf of defendant, it is contended that there was no evidence to support this allegation of the indictment, and that the verdict is contrary to the instructions of the court. The attorney general insists that it was not necessary to negative the exception contained in the statute, and that, in any event, there was sufficient evidence to make out a *prima facie* case.

The exception contained in the statute is a part of the description of the offense and of the enacting clause embodied in the very section which defines the crime. Indeed, the exception is so incorporated with the prohibitive clause that one cannot be read without the other. In such cases, it is necessary that the indictment negative the exception. *State v. Leeper,* 70 Iowa, 748, *State v. Van Vliet,* 92 Iowa, 476, *State v. Beneke,* 9 Iowa, 203; *State v. Williams,* 20 Iowa, 98. Following these rules, it is generally held that an indictment for abortion must negative all exceptions found in the section of the statute defining the offense. *State v. Meek,*

70 Mo. 355; *State v. Leeper, supra; State v. Stokes,* 54 Vt. 179; *Beasley v. People,* 89 Ill. 571; *Bassett v. State,* 41 Ind. 303; *State v. McIntyre,* 19 Minn. 93 (Gil. 65); *Commonwealth v. Hart,* 11 Cush. 130.

Again, the attorney general insists that, if it be necessary to negative the exception contained in the statute, it is not incumbent on the state to make proof of a negative, for the reason that the evidence is peculiarly within the knowledge of the defendant, and he relies on the rule announced in 1st Greenleaf Evidence, section 79, and notes. Our statute contains but the one exception, and in this respect is somewhat different from the statutes of other states. Evidence of this exception does not lie peculiarly within the knowledge of the defendant. As said in *Moody v. State,* 17 Ohio St., 110: "The circumstances attending the procurement of an abortion, tending to prove that it was unnecessary for the purpose of preserving the life of the mother, ordinarily can be shown quite as easily on the part of the prosecution as it can be proved by the defendant that it was necessary for that purpose." As a general rule, when the offense is grounded on a negative, or when that negative is an essential element of the crime, the burden is on the state to prove it. No doubt, all that is required of it in the first instance is to make out a *prima facie* case, but that it must do in order to make out its case.

All that is disclosed by the evidence on this point is that the woman on whom the operation was performed went with her mother to the office of the defendant, who is a doctor, and requested her to perform an abortion. The woman was advanced in pregnancy for from five to six months, and the operation was successfully performed. There is no evidence of illicit intercourse, no showing as to whether she was married or unmarried, and nothing to indicate the condition of her health, except that she walked to the office of defendant two or three times. Surely, this does not prove beyond a reasonable doubt that

the miscarriage was not necessary to save the life of the mother. And we are of opinion that it does not make out even a *prima facie case.* It is a matter of common knowledge that many persons walk to hospitals and to offices to have operations performed that are necessary to save life. Every presumption is in favor of defendant's innocence, and, if the facts shown are capable of explanation on any reasonable hypothesis in favor of innocence, there can be no rightful conviction. There was not sufficient evidence to support the material allegations of the indictment, and defendant's motion for a new trial should have been sustained. In support of our conclusions, see the following cases: *State v. Clements,* 15 Or. 237 (14 Pac. Rep. 410); *State v. Glass,* 5 Or. 73.

Defendant complains of the action of the court in denying a continuance. As the case must be reversed, it is not necessary that we consider this question. For the error pointed out, the judgment of the district court is reversed, and the cause is remanded for a retrial.—REVERSED.

GRANGER, J., not sitting.