STATE OF IOWA, Appellee, v. A. J. KENDIG, Appellant.

Indictment: STATUTORY OFFENSES: SUFFICIENCY. An indictment
1 charging a statutory offense in the language of the Statute is sufficient, where it so individuates the offense that the de-

fendant has notice of the particular crime charged from the language thereof.

**Same.** An indictment for practicing medicine without a certificate 2 need not allege practice upon human beings as distinguished from furnishing medicine for domestic animals.

**Same:** NEGATIVING EXCEPTIONS. An indictment under Code, sec- 3 tions 2579 and 2580, relating to the practice of medicine without a certificate, need not negative the exceptions, for the reason that the exceptions are separable and form no part of the description of the offense.

**Physicians:** PRACTICE WITHOUT CERTIFICATE: EVIDENCE. Proof that 4 defendant visited the sick, diagnosing their ailments and furnishing medicines, and that he filed claims against the estates of patients and asked the county to pay for treating the poor, was sufficient to warrant a conviction under a charge of practicing medicine without a license.

**Parol evidence.** Oral evidence that records required by law to be 5 kept do not recite certain facts is competent.

**Evidence upon former trial:** PRODUCTION. A reporter who took in 6 short hand the evidence of a witness on a former trial may read from his notes the questions and answers and then testify that such questions were asked defendant and that he gave the answers as read by him.

**Practicing medicine without certificate:** INSTRUCTIONS. Where 7 there is no evidence that a defendant, in a prosecution for practicing medicine without a certificate, falls within the exceptions of the statute the court need not refer to the same in his instruction.

**Same.** Where there was no evidence that the medicines defendant 8 was selling were patent or proprietary, an instruction that if defendant was only engaged in selling such medicines manufactured by others who had the exclusive right to make and sell the same he should not be convicted, was not erroneous on the ground that it denied defendant the right to sell his own patent or proprietary medicines.

**Practice of medicine:** CONSTITUTIONALITY OF STATUTES. Code, sec- 9 tions 2579 and 2580, making it an offense to practice medicine without having obtained a certificate are not unconstitutional.

*Appeal from Madison District Court.*— HON. EDMUND NICHOLS, Judge.

TUESDAY, FEBRUARY 5, 1907.

DEFENDANT was indicted, tried and convicted of the crime of practicing medicine without a license, and appeals to this court.— *Affirmed.*

*Robbins & Wilkie,* for appellant.

*Chas. W. Mullan,* Attorney-General; *Lawrence De Graff,* Assistant Attorney-General, and *W. S. Cooper,* County Attorney, for the State.

DEEMER, J.— The charging part of the indictment reads as follows: " The said A. J. Kendig on the first day of September, A. D. 1903, and from the said first day of September, A. D. 1903, until the time of the finding of this indictment, did in the county of Madison and State of Iowa, falsely, wrongfully, and unlawfully assume the duties of a physician, and make a practice of prescribing and furnishing medicine for the sick, and did wrongfully, falsely, and unlawfully publicly profess to cure and heal, without having first obtained from the board of medical examiners of the State of Iowa, and filed for record, a certificate conferring upon him the right to practice, contrary to the statutes in such cases made and provided." It was found under sections 2579 and 2580 of the Code, which read as follows:

Sec. 2579. Who deemed practitioner. Any person shall be held as practicing medicine, . . . or be held a physician within the meaning of this chapter, who shall publically profess to be a physician, . . . and assume the duties or shall make a practice of prescribing and furnishing medicine for the sick, or who shall publicly profess to cure or heal; but it shall not be construed to prohibit students of medicine . . . who have had not less than two courses of lectures in a medical school . . . from prescribing under the supervision of preceptors, or gratuitous services in case of emergency; nor to prevent the advertising, selling or prescribing natural mineral waters flowing from wells or springs, . . . nor to physicians or midwives who have obtained from the board of examiners a certificate

permitting them to practice medicine or obstetrics, without a diploma, . . . or examination by the board; nor to physicians as defined herein, who have been in practice in the State for five consecutive years, . . . nor to filling prescriptions by a registered pharmacist nor to the advertising and sale of patent or proprietary medicines.

Sec. 2580. Penalties. Any person who shall . . . practice medicine, surgery or obstetrics . . . without having first obtained and filed for record the certificate herein required, and who is not embraced in any of the exceptions contained in the chapter, . . . is guilty of a misdemeanor, . . . and shall be fined. . . . etc.

The indictment is challenged upon several grounds, and first that it is not sufficiently certain as to the person charged, or as to the offense intended to be charged, in that the act

**1. INDICTMENT: statutory offenses: sufficiency.** or omission charged is not set forth with sufficient particularity. It is said that the indictment does not give the slightest information as to the time, place, or circumstances of the offense, nor of the evidence defendant would be required to produce to establish his defense. In this connection it is to be noticed that the offense is purely statutory, and that the act creating it particularly defines the inhibited acts and prescribes the punishment therefor. In such cases the general rule is that an indictment which charges the crime in the language of the statute without more is sufficient. To do more is to set out the evidence whereby the crime is to be established. *State v. Bair,* 92 Iowa, 28; *State v. Curran,* 51 Iowa, 112; *State v. Wilhite,* 132 Iowa, 226. The general rule as to statutory offenses is that, if the statute so far individuates the crime, that the offender has proper notice from the terms used of the particular offense intended to be covered, it is sufficient to charge it in the language of the statute. *State v. Johnson,* 114 Iowa, 430; *State v. Beebe,* 115 Iowa, 128; *State v. Bauguess,* 106 Iowa, 107; *State v. Dankwardt,* 107 Iowa, 704. In the present case the statutory definition of the crime is complete, and, as the indictment charges the defend-

ant's offense in the language of the statute, it is sufficient.

Again it is said that the indictment does not charge the defendant with prescribing medicine for, or practicing upon, human beings, as distinguished from furnishing medicine for

2. SAME.

domestic animals. This objection is purely hypercritical and without merit. According to the common understanding, as well as in law, there is a distinction between the practice of medicine and the healing of the sick and the treatment of diseased animals. See chapter 14a of the Code Supplement.

Further, it is argued that the indictment is insufficient in that it does not negative the exceptions contained in sections 2579 and 2580 of the Code. The general rule as to

3. SAME: negativing exceptions.

exceptions, provisos, and the like is that where the exception or proviso forms a portion of the description of the offense so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted, then it is necessary to negative the exception or proviso. But, where the exception is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation; for it is a matter of defense. *Hale v. State,* 58 Ohio St. 676 (51 N. E. 154); *U. S. v. Cook,* 17 Wall. 168 (21 L. Ed. 538); *State v. Powers,* 25 Conn. 48. The rule as sometimes stated is that, if the exception is found in the enacting clause, it must be negatived, but if found in the statute after general words of prohibition then it need not be. *State v. Van Vliet,* 92 Iowa, 476; *State v. Beneke,* 9 Iowa, 203; *Russell v. State,* 50 Ind. 174; *Commonwealth v. Hart,* 11 Cush. (Mass.) 130; *Bell v. State,* 104 Ala. 79 (15 South. 557); *State v. Williams,* 20 Iowa, 98. While this is not perhaps an entirely accurate statement it is sufficient for present purposes. The thought we wish to express is that the proviso in the statutes now under consideration withdraws certain cases or persons from the operation of the general prohibition and in such cases the proviso need not be negatived. *State v.*

*Curley,* 33 Iowa, 359; *State v. Stapp,* 29 Iowa, 551. In Ohio where the same general rule prevails as here an indictment, under statutes much like sections 2579 and 2580 of the Code, charging the offense without negativing the exceptions was held sufficient. See *Hale v. State,* 58 Ohio St. 676 (51 N. E. 155). We adopt the reasoning of that case and in so doing must hold the indictment now before us sufficient.

II.   It is argued that the testimony was not sufficient to support the verdict. In this contention there is no merit. There was ample testimony to justify the verdict returned.

**4. PHYSICIANS: practice without certificate: evidence.**   There is no doubt that defendant was visiting the sick, diagnosing their ailments, and furnishing medicines for their cure. Not only this, but he filed claims against the estates of some of his patients for medical services rendered, and asked the county to recompense him for treating a " county charge."

III.   Exceptions were taken to the admission of testimony as to what certain books and records required by law **5. PAROL EVIDENCE.** to be kept did not show. This point is ruled by *In re Colton,* 129 Iowa, 542, and need not be further noticed.

IV.   It appears that defendant was a witness in a case which involved the question as to his treating one Mrs. C. A. Porter for some sort of illness, that he testified in that case, **6. EVIDENCE UPON FORMER TRIAL: production.** and that his testimony was taken down by a shorthand reporter. Upon the trial of the instant case the reporter was called and asked about what defendant testified to upon the former occasion with reference to visiting and treating Mrs. Porter. The reporter read the questions propounded to defendant and his answers from the shorthand notes, and then testified that these questions were propounded to defendant and that he gave the answers as read by him. In this there was no error. *State v. Smith,* 99 Iowa, 26; *O'Brien v. Stambach,* 101 Iowa, 40. In many

cases a witness may read from a memorandum made by him at the time, and this we think is one of them.

V. Certain of the instructions are complained of. Generally speaking these complaints go to the question as to the duty of the court to refer to the exceptions and provisos

**7. PRACTICING MEDICINE WITHOUT CERTIFICATE: instructions.** found in the statutes. As there was no testimony that defendant came within any of these exceptions there was no error. The instructions seem to cover the elements of the statutory offense in clear and concise language, and defendant has no just grounds for complaining of any of them.

Instruction 9 reads as follows: " (9) If, however, you find from the evidence that the medicines sold by the defendant were what are known as ' patent ' or ' proprietary ' medi-

**8. SAME.** cines — that is, medicines which some person or company, other than defendant, manufactured or prepared, and which they had an exclusive right to make and sell — and that the defendant was only engaged in advertising and selling such medicines, then for such business he would not be required under the law to have a certificate issued by the Iowa State board of medical examiners, and should you so find you should find the defendant not guilty." This is challenged because it is said to deny to defendant the right to sell his own medicines, of which he was patentee or proprietor. The statute was intended to cover the advertising and selling of all medicines except those known as " patent " or " proprietary," and there is no testimony that the medicines which defendant was vending belonged to either of these classes. Moreover, defendant was not merely selling certain preparations, but he was visiting the sick and prescribing them for his patients.

**9. PRACTICE OF MEDICINE: constitutionality of statutes.** VI. Lastly, it is argued that the statutes under which defendant was convicted are unconstitutional. Every proposition here made has been ruled adversely to defendant's contention. *State*

*v. Bair,* 112 Iowa, 466; *State v. Heath,* 125 Iowa, 585; *Parks v. State,* 159 Ind. 211 (64 N. E. 862, 59 L. R. A. 190); *State v. Wheelock,* 95 Iowa, 577.

There is no error of which defendant may justly complain, and the judgment must be, and it is, *affirmed.*