STATE OF IOWA, Appellee, v. CURTIS BURNS, Appellant.

CRIMINAL LAW: Appeal and Error—Reservation of Grounds—Unfair Trial. An accused cannot waive his legal right to a fair trial. No trial can be said to be fair or be allowed to stand which results in a conviction *with any essential element of the offense unproved,* even though the accused. in the trial below, entered no exceptions of any kind. So held where, on a charge of carrying concealed weapons, the State proved all elements except the element of "non-permit" to carry. (Sec. 5462, Code, 1897.)

WEAPONS: Concealed Weapons—Indictment—Negativing Exceptions. An indictment for carrying concealed weapons must negative the exception in favor of those having permits to so carry. (Section 4775-1a *et seq.,* Code Supp., 1913.)

INDICTMENT AND INFORMATION: Requisites and Sufficiency—Negativing Exceptions. Principle recognized that an indictment must negative an exception contained in the statutory section which defines the crime.

*Appeal from Fayette District Court.*—A. N. HOBSON, Judge.

### DECEMBER 10, 1917.

DEFENDANT was indicted on the charge of carrying concealed weapons, convicted, and appeals.—*Reversed and remanded.*

*Voris & Haas,* for appellant.

*H. M. Havner,* Attorney General, *H H. Carter,* Assistant Attorney General, and *James D. Cooney,* for appellee.

GAYNOR, C. J.—On the 23d day of January, 1917, the grand jury of Fayette County returned against the defendant the following indictment:

1. CRIMINAL LAW: appeal and error: reservation of grounds: unfair trial.

That the defendant, Curtis Burns, "at and within said county, on or about the 16th day of December, 1916, did go armed with, and have concealed upon his person, a revolver, the same being an offensive and dangerous weapon; he, the said Curtis Burns, being then and there a person not permitted to carry offensive and dangerous weapons concealed upon his person."

On this indictment the defendant was arraigned, and pleaded not guilty, was tried to a jury, and convicted. Judgment being entered upon the verdict, he appeals. The record does not disclose that any objections were made by the defendant to anything that happened or was done upon the trial. No exceptions were preserved to rulings made by the court, and no exceptions taken to the instructions or to the final judgment entered in the cause.

There is but one contention made by defendant that we may consider, to wit: Considering the evidence in all its fullness, and assuming the testimony offered by the State to be absolutely true, does it establish the offense charged against the defendant? We will consider no other, in the absence of objections and exceptions preserved in the rec-

ord. If the evidence for the State, considered in its most favorable light, fails to establish the ultimate fact upon which the verdict rests, then the State has failed to involve the defendant in criminality for which he should be called upon to suffer the penalty of the law. Unless there be a showing of error committed in the making of the record prejudicial to the defendant's rights, or the whole record shows that the defendant has not had a fair and impartial trial, such as our Constitution guarantees, we do not ordinarily interfere in criminal cases.

Section 5462 of the Code of 1897 provides:

"If the appeal is taken by the defendant, the Supreme Court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it."

In *State v. Barr*, 123 Iowa 139, though in its facts it is unlike the case at bar, this court said, citing *State v. Schwab*, 112 Iowa 666:

" 'Certainly a criminal defendant may waive error on appeal. He does so in every instance where an exception is not taken below.' But on the other hand, this court is required by the statute to examine the record in criminal cases without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the appeal as the law demands, (citing above statute and *State v. Nine*, 105 Iowa 131, 136). And we can and should reverse a criminal case where it appears on the record that defendant has not had a fair trial, even though no specific error of law in the rulings of the court has been properly preserved. We do not wish to be understood as holding that even in a criminal case we will

reverse for rulings as to which no exceptions have been preserved, but we may and should reverse on the ground that defendant has not had a fair trial, even though no specific rulings have been properly objected to."

It was further said in this case:

"We know of no reason why counsel in a criminal case should not make his objections as specific and definite as is required in a civil case, in order to raise a question of law for consideration upon appeal."

In this *Barr* case, it was the thought of the court in reversing the case that the defendant did not have a fair trial, in that he was forced to come to trial with new counsel without opportunity to prepare. This case suggests what must be apparent to every legal mind, that no man should be convicted of a felony or of any crime unless he has had a fair and impartial trial, such as is contemplated by the law. He has, however, a fair and impartial trial when opportunity is given to him to object and except to what is done to his prejudice upon the trial.

It cannot be said, then, that his constitutional rights were invaded. All that can be said is that the court, in attempting to administer the law, acted erroneously. The case then may or may not be reversed for the errors committed, depending on whether or not they are prejudicial. But there is a broader principle, involving the right of defendant to have such a trial as is guaranteed to him by the Constitution. All our crimes are statutory. Therefore, one called to answer as for a violation of the statute in a criminal way, is entitled to call upon the State to make proof of all facts essential to constitute the crime charged. Until the proof is forthcoming from the State to establish all the essential elements of the crime charged against the citizen, the presumption of innocence stands between him and conviction. It is fundamental that every man is presumed to be innocent, when placed on trial, until

proved to be guilty. To make out his guilt by proof, the proof must affirm the existence of every element essential to constitute the crime. No verdict of a jury can stand in this court where there is absence of proof of any of the elements essential to constitute the crime against which the statute is lodged.

2. WEAPONS: concealed weapons: indictment: negativing exceptions. In this case, the defendant was charged, as shown by the indictment, with going armed, and having concealed upon his person an offensive and dangerous weapon, without having a permit to carry it. What are the essential elements of the crime? (1) That he be found carrying concealed upon his person an offensive and dangerous weapon; (2) that he did not have permission to do so.

Section 4775-1a, Code Supp., 1913, provides:

"It shall be unlawful for any person, except as hereinafter provided, to go armed with and have concealed upon his person * * * a revolver * * * or other offensive and dangerous weapons or instruments concealed upon his person."

It will be noted that in this statute the act inhibited is not made absolutely unlawful, because the very statute itself excepts conditions upon which it may be lawful. An indictment charging merely that one went armed with, and had concealed upon his person, an offensive and dangerous weapon, which does not state that the party charged does not come within the exception, leaves the mind in doubt as to his criminality. An indictment which charges the violation of a statute must so state the facts that, upon demurrer, the facts being admitted, an intelligent judgment could be pronounced by the court. If an indictment is drawn under a statute which, in itself, excepts some persons from criminality for the act, how can it be charged

that the defendant is guilty unless it is alleged and proved that he is not within the exceptions of the statute? If proof fails on this, it leaves the mind in doubt as to whether there is criminality in the act.

3. INDICTMENT AND INFORMATION: requisites and sufficiency: negativing exceptions.

The very statute which contains the inhibition against carrying concealed weapons, contains the exception to the inhibition, and, therefore, is a part of the same statute which creates the crime. It is true that the circumstances of the exception are found in subsequent statutes, but the exception itself is found in the statute which creates the crime. It is a rule of general recognition that an indictment which charges one with violation of a statute which has in itself exceptions and provisos, must negative the exceptions or provisos in order to charge a punishable crime. See *State v. Aiken,* 109 Iowa 643. We have had occasion to pass upon this statute recently. See *State v. Cochran,* 179 Iowa 1304. In that case the court said:

"The State had the burden * * * of showing by the evidence beyond a reasonable doubt that the defendant did not at the time have a permit to go armed."

In the case before us, while there was evidence from which the jury might find that the defendant was carrying a concealed weapon, there was no evidence and no attempt to prove that the defendant did not come within the exception. Until there was proof that he was outside the protection of the exception, the State did not prove one of the essential elements of the offense. It is right for us to say that the attorneys appearing in this court did not try the case below.

For the reasons above suggested, the cause is—*Reversed and remanded.*

WEAVER, PRESTON and STEVENS, JJ., concur.