L. A. FISHER, Appellee, v. MYRON C. TULLAR, Appellant.

No. 39912.

NOVEMBER 21, 1929.

*Robert Healy*, for appellant.

*H. W. Stowe* and *Burnstedt & Hemingway*, for appellee.

EVANS, J.—At the time of the event upon which the action is predicated, the defendant was sheriff of Webster County. On August 20, 1927, he arrested the plaintiff, without warrant, for carrying concealed weapons. The plaintiff was at the time a duly appointed special police officer, and was engaged in the performance of his duties, wearing uniform. Except for a period of two years preceding the year 1927, the plaintiff had resided in Webster County for more than 30 years. For the greater part of that time, the line of his occupation had been that of serving as watchman and as special policeman. In 1925, he moved to Floyd County, and had resided there for two years prior to the event involved herein. In 1926, he served as special policeman for the Hawkeye Fair Association in operation in Webster County. Again in 1927, he was employed to the same

service. He had been engaged in that service for about one month, and was engaged in it at the time of his arrest. He had a permit, issued by the sheriff of Floyd County, to carry concealed weapons, which permit purported to expire on December 31, 1927. It appears from the undisputed evidence that, more than a month prior to the arrest, the defendant had been informed by another policeman that the plaintiff had such a permit, and that he did carry weapons thereunder. Preliminary to his arrest, the defendant asked him if he was carrying weapons. To this the plaintiff replied that he was, and at the same time showed to the defendant his permit. The defendant challenged the legal validity of a permit issued by the sheriff of Floyd County. He immediately arrested plaintiff, and incarcerated him in the county jail while he was preparing an information against him. The plaintiff was released on bond within a few hours. The defendant appeared before the grand jury, and an indictment was returned, under which the plaintiff· was tried. At the close of the State's evidence in that trial, the court directed a verdict for the defendant therein. The defendant herein introduced no evidence. The jury rendered a verdict against him for $1,000.

I. One of the prominent questions argued by the appellant is that of the legal validity of the permit held by the plaintiff. His contention is that a permit issued by the sheriff of one county should not be deemed valid in any other county. The trial court held to the contrary. Sections 12938, 12945, 12947, and 12949, Code of 1927, provide as follows:

"12938. *Permit to carry concealed weapon.* The sheriff of any county may issue a permit, limited to the time which shall be designated therein, to carry concealed a revolver, pistol, or pocket billy."

"12945. *Duration of permit.* Each such permit shall, unless revoked by notice in writing sent by registered mail to the permit holder by the sheriff issuing same, expire on December thirty-first following the issuance."

"12947. *Duty to carry permit.* It shall be the duty of any person armed with a revolver, pistol, or pocket billy concealed upon his person to have in his immediate possession the

permit provided for in this chapter and to produce same for inspection at the request of any peace officer. Failure to so produce such permit shall constitute a misdemeanor.''

''12949. *Prima-facie evidence of violation.* In all prosecutions on the charge of carrying a concealed weapon without a permit, proof that no permit had been issued to the defendant in the county in which the offense was alleged to have been committed shall be prima-facie evidence that the defendant had no permit to carry a concealed weapon.''

It will be noted that they impose no limitation of county boundaries. Stress is laid by appellant on Section 12949, which relates to evidence on a prosecution under a charge of carrying concealed weapons. Under this section, the State would make a prima-facie case by showing that no permit had issued in the county in which the offense was alleged to have been committed. The argument is that this provision necessarily means that guilt is proved if no permit was issued in such county. We think the implication of this section is just to the contrary. If a permit issued in another county is to be deemed legally invalid, then a failure to obtain a permit in a particular county would be conclusive, and not merely *prima facie*. The statute by its terms is applicable only to prosecutions. Its effect is to shift to the defendant the burden of proof in the event that he relies upon a permit issued in another county. The clear implication of the statute is that the person charged may properly operate under a permit from any county. If, however, the State, in order to support the prosecution, were required to negative the issuance in every one of 99 counties, it would come under a very heavy burden of mere formal proof. This burden was relieved by Section 12949. We think the trial court properly ruled that the permit was legally valid. It may be noted here that two of these sections were amended by the last legislature. But such amendment has no effect upon the present litigation.

II. For the purpose of proving motive and malice, the plaintiff introduced evidence of the fact that, some 13 or 14 years ago, the plaintiff, while a police officer in Webster County,  arrested this defendant, as one of a group in a sale barn owned and operated by the defendant and one McIntire. This evidence was received, under objection, among others, that the event

was too remote. A part of the evidence was that since that time the parties were not on speaking terms, and that the defendant did not usually speak to the plaintiff when he met him upon the street. We think the evidence was properly admissible for the purpose for which it was offered. It should be borne in mind, however, on retrial that the materiality of the evidence is the *fact* of the arrest and the feeling engendered thereby, and not the *reasons* for the arrest. In order to introduce the fact into the record, some evidence of the circumstances is unavoidable.

Complaint is also made at this point because the name of the defendant was connected with the name of McIntire, who was said to have been a very disreputable person. The character  thus ascribed to McIntire got into the record solely through the assertions of defendant's counsel, made as a basis of the objection. We think the appellant has no ground of complaint on that score.

III. In Instructions 4 and 9, the court below properly charged that the burden was upon the plaintiff to prove the stated elements of his case, including want of probable cause and malice. By some apparent inadvertence,  Instruction 8 was given, which was quite contradictory to Instruction 4. It was as follows:

"You are instructed that, under the law, the burden of proof is upon the defendant, Myron C. Tullar, to prove by a preponderance of the evidence that the prosecution of the defendant was had with probable cause and without malice upon his part. Now you are instructed that this does not necessarily mean that such proof must be made by the introduction of direct testimony by the defendant, but such proof may be established by the cross-examination of the plaintiff's witnesses."

This instruction was necessarily erroneous, and therefore prejudicial. We need not discuss it. Other questions argued by the appellant are such as need not arise upon a new trial, and we shall not dwell upon them. For the error of Instruction 8, a reversal must result.

The judgment below is, accordingly,—*Reversed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, and KINDIG, JJ., concur.