STATE OF IOWA, Appellant, v. MAX KENNETH DEMARCE, Appellee.

No. 46831.

JUNE 18, 1946.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, and B. J. Maxwell, County Attorney, for appellant.

J. U. Yessler, of Cedar Rapids, for appellee.

SMITH, J.—Section 726.5, Code, 1946 [section 13210, Iowa Code, 1939], provides:

"No one shall, in any manner or for any purpose whatever, *except under proceeding to destroy the same,* have, keep,

or hold in possession or control any * * * punch board * * * or any other machines used for gambling * * *." (Italics supplied.)

The sole question presented on this appeal is whether the State, in a prosecution for violation of this statute, must negative the existence of the excepting circumstances mentioned in the part italicized above, in the absence of proof or claim by defendant to the contrary.

The trial court held that burden was on the State and directed verdict for defendant because no evidence was offered by the State to sustain it. The State, desiring a determination of the point of law involved, has appealed. Of course, the judgment appealed from is a finality as to defendant. Section 793.20, Code, 1946 [section 14012, Iowa Code, 1939]; State v. Kellison, 233 Iowa 1274, 1276, 11 N. W. 2d 371.

After examining many decisions in our own and other jurisdictions we are constrained to borrow the language of the annotator in 153 A. L. R. 1219, and say that there is presented here "one of the most frequent problems in criminal procedure, yet often one of the most baffling." When, in a prosecution under a statute, is it a part of the State's case to show that the defendant is not within a statutory exception?

I. It is true this court at an early date apparently embraced the so-called "physical location" rule which made determination of the question to depend entirely on the location of the exceptive provision in the statute. If found within the purview or enacting clause or in the clause creating the offense it was held the State must both allege and offer proof as a part of its case that the person accused, or the act he was accused of committing, was not within the exception; but if contained in a separate or subsequent clause or statute it was held a matter of defense. State v. Williams, 20 Iowa 98; State v. Beneke, 9 Iowa 203, 204; State v. Van Vliet, 92 Iowa 476, 61 N. W. 241; State v. Aiken, 109 Iowa 643, 80 N. W. 1073; State v. Burns, 181 Iowa 1098, 1102, 1103, 165 N. W. 346; State v. Stapp, 29 Iowa 551; State v. Leeper, 70 Iowa 748, 30 N. W. 501.

State v. Aiken, supra, 109 Iowa 643, 644, 80 N. W. 1073,

1074, states the argument for the rule as well, perhaps, as any. It involved a charge of abortion under a statute that provided:

"If any person, with intent to produce the miscarriage * * * wilfully administer to her any drug '* * * *unless such miscarriage shall be necessary to save her life,* he shall be imprisoned * * *." (Italics supplied.) Section 4759, Iowa Code, 1897.

The opinion states:

"The exception contained in the statute is a part of the description of the offense and of the enacting clause embodied in the very section which defines the crime. Indeed, the exception is so incorporated with the prohibitive clause that one cannot be read without the other. In such cases, it is necessary that the indictment negative the exception. [Citing State v. Leeper, supra; State v. Van Vliet, supra; State v. Beneke, supra; and State v. Williams, supra.] Following these rules, it is generally held that an indictment for abortion must negative all exceptions found in the section of the statute defining the offense."

But we cannot reconcile all our cases with this simple formula. In State v. Schaeffer, 95 Iowa 379, 380, 64 N. W. 276, we apparently ignored all preceding cases and stated, without any citation of authority:

"It is a general rule, applicable to the trial of criminal cases, that, where there is an exception in a general statute, it is not incumbent on the prosecution to prove that the defendant is not within the exception."

The statute there involved provided that, "If any person *without lawful authority* wilfully dig up, disinter, remove, or carry away, any human body [italics supplied] * * * shall be punished * * *." (Section 4017, Iowa Code, 1873.) The opinion continues:

"The fact being peculiarly within the knowledge of the accused, it is incumbent on him to show that he is not criminally liable for the act because he is within the exception."

1 Greenl. Ev. 12, is quoted in support of the last statement. It is not clear whether the decision rests upon the stated "general rule" or upon the last-quoted statement, based on Greenleaf's pronouncement.

In State v. Boever, 203 Iowa 86, 87, 210 N. W. 571, 572, we considered a case in which defendant was accused of the crime of unlawful possession of intoxicating liquor. The statute provided in effect that no one, by himself, agent, or servant, shall keep for sale or have possession "except as provided in this title * * *." (Section 1924, Iowa Code, 1924.) We said:

"The defendant, as the possessor of liquor, was entitled to show, in defense, that the liquor found in his possession was legally in his possession. * * * No obligation rests upon the State to allege and prove the provisos, or to negative the exceptions in the instant indictment."

The rigid "physical location" rule was modified in State v. Kendig, 133 Iowa 164, 168, 110 N. W. 463, in an opinion. written by the same judge who wrote the earlier opinions in State v. Van Vliet, supra, and State v. Aiken, supra. The defendant was convicted of practicing medicine without a license. The statute (section 2580, Code of 1897) declared that any person would be guilty of a misdemeanor who practiced medicine "without having first obtained and filed for record the certificate herein required, and who is not embraced in any of the exceptions contained in this chapter * * *."

The opinion expressly accepts the reasoning in Hale v. State, 58 Ohio St. 676, 51 N. E. 154. The gist of that reasoning is found in a quotation from 1 Chitty's Crim. L. 284:

"When a statute contains provisoes and exceptions in distinct clauses it is not necessary to state in the indictment, that the defendant does not come within the exceptions * * *. Nor is it even necessary to allege that he is not within the benefit of its provisoes, *though the purview should expressly notice them;* as by saying that none shall do the act prohibited, *except in the cases thereinafter excepted.* For all these are matters of defence, which the prosecutor need not anticipate, but

which are more properly to come from the prisoner." (Italics supplied.)

■ The opinion in the Kendig case definitely modifies the strict "physical location" rule (based simply on the position of the exception in the statute) by the following language, at page 168 of 133 Iowa, page 465 of 110 N. W.:

"The general rule as to exceptions * * * is that where the exception * * * forms a portion of the description of the offense so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted, then it is necessary to negative the exception * * *. But, where the exception is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation; for it is a matter of defense. Hale v. State, 58 Ohio St. 676 (51 N. E. 154); U. S. v. Cook, 17 Wall, 168 (21 L. Ed. 538); State v. Powers, 25 Conn. 48. The rule as sometimes stated is that, if the exception is found in the enacting clause, it must be negatived, but if found in the statute after general words of prohibition then it need not be. [Citing State v. Van Vliet, supra; State v. Beneke, supra; and State v. Williams, supra; together with some cases from other jurisdictions.] *While this is not perhaps an entirely accurate statement* it is sufficient for present purposes." (Italics supplied.)

It is impossible to reconcile the language of all our decisions. Most of the confusion has grown out of the mistake of considering the position of the exception in the statute as conclusive *in itself* (e. g., State v. Burns, supra, 181 Iowa 1098, 1102, 1103, 165 N. W. 346). We think it important only as an aid to determining the nature of the exception. Does the exception enter into the description of the crime? The answer to the question is frequently elusive. Courts may be pardoned for grasping at a definite grammatical rule that furnishes a sure, if not an easy or always correct, solution of a difficult problem.

In most instances the application of the rule of physical location brings the right answer. But we have here an exception which is in the so-called enacting clause or purview of the statute *as a mere reference* to the real exception which must

be sought elsewhere in the Code. Seldom, if ever, could an exception of this kind be held to be a part, or one of the elements, of the offense.

We assume the words, "except under proceeding to destroy the same," refer to proceedings under chapter 751, Code, 1946 [chapter 617, Iowa Code, 1939]. Section 751, in that chapter [section 13441.03(6), Code, 1939] expressly makes applicable to gambling devices (described in section 726.5, Code, 1946, section 13210, Code, 1939) the procedure thereinafter prescribed for condemnation and destruction of property the possession of which is ordinarily unlawful. The language of the exception merely points out what would be true anyway because of other statutory provisions, that a peace officer, acting under order of some magistrate, or on his way to such magistrate after having seized the property without a warrant, would be protected in his possession of gambling devices.

Our cases have repeatedly pointed out that such exceptions are not governed by the physical-location rule. In the early case of State v. Williams, 20 Iowa 98, which we have already referred to, Judge Cole (citing 1 Wharton Am. Crim. L., sections 378, 379) used the same language we have already quoted from another source, to the effect that the State need not negative the exceptions, even though the purview should notice them *by way of reference* to exceptions provided elsewhere.

The opinion in State v. Stapp, supra, 29 Iowa 551, 554, recognizes the same departure from the strict "physical location" rule, citing the Williams case. See, also, State v. Curley, 33 Iowa 359; State v. Boever, supra. The decision in State v. Schaeffer, supra, might well have been based on the same proposition because the exception there considered, while contained in the purview, only referred to the exceptive conditions to be found elsewhere. Such exception could rarely be considered a part of the description of the offense.

It must be recognized at this point that the decisions in State v. Cochran, 179 Iowa 1304, 162 N. W. 755, and State v. Burns, supra, 181 Iowa 1098, 165 N. W. 346, cannot be harmonized with the views herein expressed. They were trials for the crime of carrying concealed weapons. The statute

(section 4775-1a, Code Supplement, 1913) made such carrying unlawful "except as hereinafter provided." The reference was to other statutes authorizing certain officers to issue permits valid throughout the state. Fisher v. Tullar, 209 Iowa 35, 227 N. W. 580.

Subsequent to these two decisions (State v. Cochran and State v. Burns, supra) the legislature enacted what is now section 695.17, Code, 1946 [section 12949, Code, 1939], providing that in such prosecutions proof that no permit had issued in the county where venue is laid makes a prima facie case. Because this subsequent legislation seems to recognize that the exception must be negatived we express no opinion as to future cases involving the charge of carrying concealed weapons.

■ II. The information here expressly negatived the exception. The parties agree that fact is not controlling in determining whether evidence tending to prove the allegation was necessary as a part of the prosecution's case. If the allegation was surplusage it imposed no additional requirement of proof. State v. Healy, 217 Iowa 1155, 1159, 251 N. W. 649.

We have cited and discussed cases involving pleading as well as proof on the general theory that whatever is required to be alleged in the indictment or information is a part of the State's case to prove. For our purposes here it is not necessary to notice possible cases in which the necessity of offering proof might not coincide exactly with the essential allegations of the indictment.

In view of our discussion in Division I we need not determine what effect, if any, our "Short Form Indictment Act" (section 773.2 et seq., Code, 1946, section 13732.01 et seq., Code, 1939) would otherwise have had. Upon the considerations heretofore stated, we think the district court erred in placing upon the prosecution the burden of producing evidence, as a part of its main case, to negative the contingency that defendant may have had possession of the described gambling devices "under proceeding to destroy same."

The case will be reversed but, of course, not remanded.— Reversed.

All Justices concur.