STATE OF IOWA, Appellee, v. ULYSSES COCHRAN, Appellant.

**INDICTMENT AND INFORMATION:** Requisites and Sufficiency—
1  Carrying Concealed Weapons—Negativing Exceptions. An indictment for *carrying* concealed weapons need not negative the exception contained in Sec. 4775-12a, Code Supp., 1913, providing that the act shall not apply to "dealers or jobbers," such exception being held, in view of the entire act, to apply solely to *sales* of weapons and not to *carrying* of weapons.

**EVIDENCE:** Documentary Evidence—Records of County Recorder
2  —Carrying Concealed Weapons. A county recorder is not required, by the Concealed Weapon Act (Sec. 4775-1a et seq., Code Supp., 1913), to keep any record of permits to *carry* concealed weapons. It necessarily follows that neither the testimony of such officer founded on such record nor the record itself is substantive evidence that no such permit has been granted. See Sec. 4630, Code, 1897. And especially does prejudice result when the court, in the instructions, singles out and emphasizes such testimony.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

WEDNESDAY, MAY 16, 1917.

DEFENDANT was convicted of the crime of being armed with and having a revolver concealed upon his person, and was sentenced to an indeterminate term in the penitentiary at Fort Madison.—*Reversed.*

*W. R. Watsbaugh* and *Redmond & Stewart,* for appellant.

*George Cosson,* Attorney General, *G. P. Linville* and *Atherton B. Clark,* for appellee.

1. INDICTMENT AND INFORMATION: req-uisites and sufficiency: car-rying con-cealed weapons: negativing ex-ceptions.

STEVENS, J.—I. The indictment charged the defendant with the crime of being armed with and having a revolver concealed upon his person, which indictment, omitting the formal parts, is as follows:

"The said Ulysses Cochran, on or about the 25th day of July, A. D. 1915, in the county aforesaid, unlawfully and feloniously did go armed with and have concealed upon his person, without a lawful permit therefor, a certain dangerous weapon, to wit, a revolver.   *   *   *"

The defendant demurred to the indictment, which demurrer was by the court overruled, and, upon trial, the defendant was convicted and sentenced as stated above.

The statute upon which this prosecution is based is Section 4775-1a of the Supplement to the Code, 1913, and, so far as material to the discussion of this question, is as follows:

"It shall be unlawful for any person, except as here-inafter provided, to go armed with and have concealed upon his person a dirk   *   *   *   or other offensive and danger-ous weapons or instruments concealed upon his person; pro-vided that no person under 14 years of age shall be allowed to carry firearms of any description."

Defendant contends that the indictment is fatally defective because it failed to allege that defendant was not a "wholesale dealer or jobber." The so-called exception, which it is claimed should have been negatived by the allegations of the indictment, is contained in Section 4775-12a, Code Supp., 1913, and is as follows:

"This act shall not affect in any respect wholesale dealers or jobbers."

Counsel assume that the effect of the latter section of the statute is to except the class designated therein wholly from the operation of Section 4775-1a, supra. This construction is not warranted, when the several sections of the statute relating to the subject of carrying and selling dangerous weapons are construed together. There could be no purpose on the part of the legislature in exempting wholesale dealers and jobbers from the statute prohibiting all other classes of citizens from being armed with or having concealed upon their person a dangerous weapon without first obtaining permission from some one of the officers authorized by law to grant same. The above statute not only prohibits all persons from being armed with and having concealed upon their person dangerous weapons, but Section 4775-9a prohibits dealers from "selling, keeping for sale * * * or [to] give away to any person * * * any revolver, pistol, or pocket billy or other weapons of a like character which can be concealed on the person," without first procuring a permit from an official having authority to issue same. The section following prescribes the duties of the holder of a permit to sell, and the penalty for the violation of the provisions of Section 4775-9a.

The evident purpose of the legislature, in enacting Section 4775-12a, was to exempt wholesale dealers and jobbers from the provision of the statute prohibiting the sale of dangerous weapons without having first procured a permit to sell the same, but not to exempt them from the opera-

tion of the statute prohibiting the carrying of dangerous weapons. It is, therefore, clear that no exception was created by the statute which it was necessary for the State to negative in the indictment, and the demurrer was properly overruled.

**2. EVIDENCE: documentary evidence: records of county recorder: carrying concealed weapons.** II. The county recorder was called as a witness by the State, and produced a book kept by him and known as the "Dangerous Weapon Record" of Linn County. He testified that no report of the issuance of a permit to the defendant to go armed with a dangerous weapon had been filed in his office, and that the record which was admitted in evidence contained no entry showing the issuance of any such permit by any officer. The record fails to show that the defendant objected to the introduction of this testimony, but, after cross-examination of the witness, he moved that all the testimony of the witnesses be stricken from the record, upon the grounds that same was secondary, incompetent, irrelevant, immaterial, and not the best evidence of the fact as to whether a permit had been issued by lawful authority to the defendant to carry a concealed weapon, which motion was overruled. Appellant now complains of said ruling.

Section 4630, Code, 1897, authorizes the introduction of records kept by public officers when the keeping of such record is authorized by law. It is contended by appellant that the county recorder is not required by law to keep a record of permits granting to individuals the right to go armed.

Section 4775-3a, Code Supp., 1913, provides:

"The chief of police in cities of the first and second class, special charter cities and cities under commission form, or where there is no organized police force, in counties, towns and villages the sheriff or mayor shall issue a permit to carry concealed a revolver * * * provided

that in the judgment of said officials such permit should be granted."

The section following makes it the duty of such officials to issue a permit to all peace officers and such other persons who, in the judgment of the officials, should be permitted to go armed.

Section 4775-5a, Code Supp., 1913, provides:

"The chief of police, sheriff or mayor shall have authority to issue permits to *sell* and shall keep a correct list of all persons to whom permits to *sell* are issued, together with the number of such permit and the date each is revoked, and furnish the county recorder a copy of all such permits issued and revocations made."

Section 4775-6a, Code Supp., 1913, provides:

"The county recorder shall keep a complete record, in a book provided for the purpose of all permits issued, and revocations made, and sales of pistols, revolvers and pocket billies. Such record shall not be open to inspection to any, except the sheriff, mayor, or chief of police of the county or municipality."

It will be observed that the foregoing statutes require the officer issuing a permit to keep a record only of such as are issued to dealers to sell. Every officer issuing a permit to sell must make report thereof to the county recorder, which report shall include a copy of such permit. It is, therefore, the duty of the county recorder to keep a record only of permits issued to sell. It is true that the language of Section 4775-6a is broad enough to include all permits; but, as there is no way provided for furnishing the county recorder with information as to the number of permits or the persons to whom issued, no record could be kept by him thereof. The county recorder was not required by law to keep a record of permits issued to persons to go armed, and hence the admission in this case of the "Dangerous Weapon Record," and also the testimony of the county re-

corder, was clearly error. The motion to strike should have been sustained.

The court singled out, called special attention to and emphasized this evidence in Instruction 9, as follows:

"The law authorizes the chief of police of cities and the sheriff of the county and mayors of towns and villages to issue permits to persons whom they deem worthy to carry deadly weapons, and you are instructed that the law requires the chief of police of cities, the sheriff of the county, and mayor of towns and villages, when they issue permits to carry weapons, to report such issuance of a permit at once to the county recorder for record; and the presumption is that such officer has done his duty in that respect and promptly reported the permits for record." .

The State had the burden, and the court so instructed the jury, of showing by the evidence beyond a reasonable doubt that the defendant did not at the time have a permit to go armed. The State apparently relied upon the evidence of the county recorder to meet this requirement of the proof. The above instruction emphasized the importance of this testimony, and it cannot be said that the errors complained of were not prejudicial.

Appellant also complains of some of the instructions given by the court, and of its refusal to give certain requested instructions; and other alleged errors are relied upon by appellant, but same are without merit, and need not be further considered herein.—*Reversed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.