STATE of Iowa, Appellee,

v.

Larry R. BOWDRY, Appellant.

No. 68647.

Supreme Court of Iowa.

Aug. 17, 1983.

———

Francis C. Hoyt, Jr., Appellate Defender, and Charles L. Harrington, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., William E. Davis, County Atty., and Jonathan B. Hammond, Student Intern, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON, and WOLLE, JJ.

UHLENHOPP, Justice.

This appeal presents a problem of the burden of proof in prosecutions for carrying concealed weapons. Iowa Code § 724.4 (1981).

Defendant Larry R. Bowdry carried or transported a revolver in an automobile. He was arrested and tried for violating section 724.4. The State did not introduce evidence that Bowdry did not have a permit to carry or transport a revolver or that the peace officer demanded Bowdry display a permit when the officer apprehended him. At trial, Bowdry made appropriate objections raising this ground, which the trial court overruled. Bowdry was convicted and sentenced and appealed.

Sections 724.4 and .5 of the Code provide:

724.4. A person who goes armed with a dangerous weapon concealed on or about his or her person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor, provided that this section shall not apply to any of the following:

1. [Weapon in own dwelling, etc.]
2. [Peace officer.]
3. [Armed forces.]
4. [Correctional officers.]
5. [Weapons in certain containers.]
6. [Weapons in vehicles under certain conditions.]
7. [Target practice.]
8. Any person who has in his or her possession and who displays to any peace officer on demand a valid permit to carry weapons which has been issued to the person, and whose conduct is within the limits of that permit. No person shall be convicted of a violation of this section if the person produces at his or her trial a permit to carry weapons which was valid at the time of the alleged offense and which would have brought the person's conduct within this exception if the permit had been produced at the time of the alleged offense.

724.5. It shall be the duty of any person armed with a revolver, pistol, or pocket billy concealed upon his or her person to have in his or her immediate possession the permit provided for in section 724.4, subsection 8 and to produce same for inspection at the request of any peace officer. Failure to so produce such permit shall constitute a simple misdemeanor.

The question presented is whether the State has the initial burden of proving that Bowdry did not have a permit to carry or transport the weapon. Disagreement appears to exist on the point. *Compare* Dunahoo, *The New Iowa Criminal Code: Part II,* 29 Drake L.Rev. 491, 573 (1979), *with II Iowa Uniform Jury Instructions,* Nos. 2408–2409. *See also State v. Alexander,* 322 N.W.2d 71 (Iowa 1982).

Prior Iowa law provided in section 695.2 of the Iowa Code (1977):

No person shall carry a pistol or revolver concealed on or about his person or whether concealed or otherwise in any vehicle occupied by him . . . without a permit therefor as herein provided.

Under that section the burden was on the State from the beginning to prove absence of a permit. *State v. Cochran,* 179 Iowa 1304, 1309, 162 N.W. 755, 756 (1917). Bowdry argues that the new criminal code is primarily a restatement of prior law and that the same result should obtain at present. *Emery v. Fenton,* 266 N.W.2d 6, 8 (1978).

The precise question is whether the absence of a permit is or is not an element of the offense itself which the State must initially prove under *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). *See State v. Wilt,* 333 N.W.2d 457, 461 (Iowa 1983); *State v. Delay,* 320 N.W.2d 831, 834 (Iowa 1982); *State v. Boland,* 309 N.W.2d 438, 440–41 (Iowa 1981); *State v. Moorhead,* 308 N.W.2d 60, 62–63 (Iowa 1981); *State v. Gibbs,* 239 N.W.2d 866, 867–69 (Iowa 1976).

From the change in the structure of the statute, we conclude that the General Assembly did not intend to make the absence of a permit an element of the offense. Essentially the prior statute provided that no one should carry a revolver in a vehicle without a permit; the nonexistence of a permit inhered in the definition of the crime. The drafters of the new criminal code were aware of that prior definition of the offense and of our interpretation placing the burden of proof on the State with reference to the matter of a permit, and changed the structure of the statute.

In the initial paragraph of new section 724.4, defining the crime, the drafters did not include the language, "without a permit. . . ." Instead, they added a proviso that the section should not apply in eight situations which they then listed. One of the situations involves the permit issue. Our first reaction to the section is that the Assembly probably did not intend the State must initially negate the several exceptions in every prosecution under section 724.4. *Cf. State v. Delay* at 834 ("It is unreasonable to think that the legislature intended to place upon the State the burden of laboriously disproving each of those forms of justification in every prosecution for as-

sault, no matter how unrelated to the facts of the case they may be.").

Our second reaction is to paragraph 8 itself of the section, which contains a scheme regarding the permit issue. We believe that this paragraph applies not only to the person who "goes around" with a weapon but also who "carries or transports" a pistol or revolver in a vehicle. The first sentence of the paragraph provides that the section shall not apply if on demand of a peace officer the person has and displays a valid permit issued to him and if his conduct is within the permit. Whereas the old statute contained no such enabling provision, in some cases at least the officer can now at the time of apprehension ascertain information as to the existence or nonexistence of a permit by a demand. But the sentence does not require the officer to make the demand, and the officer in this case did not do so. If the officer does not make the demand and arrests the person, or if the person is unable to produce a permit at the scene, the person can still produce the permit at trial and render the section inapplicable. Our reaction to this paragraph is that the Assembly intended to place the onus on the person to produce the permit, since he, rather than the State, has personal knowledge regarding the existence of a permit if one does exist. We do not suggest that a person would be guilty of violating section 724.4 if, for example, he in fact has a permit but cannot locate it. He might however be guilty of violating separate section 724.5, requiring a person armed with a revolver, pistol, or billy concealed upon his person to have his permit in his immediate possession.

We conclude that in a case such as this one where no demand for a permit is made at the scene and no permit is produced there or at trial, the issue of a permit is not in the case unless substantial evidence appears in the record from some quarter— whether from the State or the defense— that the person had a valid permit at the time. In that event the State has the burden of persuasion that the person did not have a valid permit, or that a permit which

exists was not issued to him, or that his conduct was not within the permit. *Cf. State v. Thomas,* 219 N.W.2d 3, 5 (Iowa 1974) ("if . . . substantial evidence appears in the record raising a fact question under the M'Naghten test—regardless of the source of that evidence—then the burden devolves upon the State to prove the defendant's sanity beyond a reasonable doubt").

██ In this case substantial evidence does not appear in the record that Bowdry had a permit. Hence the permit issue was not in the case. The trial court was right in not requiring the State to prove that defendant did not have a valid permit at the time, or that he was not the permittee of a permit which existed, or that his conduct at the time was not within the permit.

AFFIRMED.