STATE of Iowa, Appellee,

v.

Kathaleen Mae LEISINGER, Appellant.

No. 83–642.

Supreme Court of Iowa.

March 20, 1985.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Marcia Mason, Asst. Atty. Gen., and Gordon M. Liles, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

McCORMICK, Justice.

Defendant Kathaleen Mae Leisinger appeals from her conviction by jury and sentence for possession of an offensive weapon in violation of Iowa Code section 724.3 (1981). She was separately convicted of possession of marijuana with intent to deliver in violation of section 204.401(1) but does not challenge that conviction. We find no merit in her appeal and therefore affirm the trial court.

The determinative questions are (1) whether the trial court erred in overruling defendant's motion for acquittal based on the State's failure to negate an exception to the weapons offense and (2) whether defendant was denied effective assistance of counsel because of her trial attorney's failure to object to the alleged omission of an essential element of· the offense from the court's marshalling instruction.

The offense is established in section 724.-3:

Any person, other than a person authorized herein, who knowingly possesses an offensive weapon commits a class "D" felony.

"Offensive weapon" is defined in section 724.1, in relevant part as follows:

An offensive weapon is any device or instrumentality of the following types:

. . . . .

2. A ... short-barreled shotgun. A ... short-barreled shotgun is ... a shotgun with a barrel or barrels less than eighteen inches in length, as measured from the face of the closed bolt or standing breech to the muzzle, or any ... shotgun with an overall length less than twenty-six inches.

. . . . .

6. An offensive weapon ... shall not include the following:

a. An antique firearm....

b. A collector's item....

c. Any ... firearm which is unserviceable by reason of being unable to discharge a shot by means of an explosive and is incapable of being readily restored to a firing condition.

The State introduced evidence that through the use of an informant the Fort Madison police made a controlled purchase of marijuana from defendant at her home. Subsequently they obtained a search warrant and searched the residence. They discovered marijuana paraphernalia and a small quantity of marijuana. They also discovered a shotgun in a sock in a bedroom dresser. The weapon was a 16-gauge Mossberg repeat-action shotgun. It measured twenty-two and one-fourth inches in length and eleven and one-half inches from the bolt to the end of the barrel.

At the conclusion of the State's evidence and at the conclusion of all of the evidence, defendant moved for acquittal based on the State's failure to prove that the weapon was serviceable as allegedly required by section 724.1(6)(c). The trial court overruled the motions. Subsequently, in instructing the jury on the elements of the offense, the court required the State to prove that the defendant had possession of a shotgun on the occasion involved, that she knew she had possession of the weapon, and that the shotgun was an offensive

weapon as separately defined. Defendant's trial attorney did not object to the instruction.

I. *The serviceability issue.* Defendant makes a familiar argument in contending that the State should have been required to prove the weapon was serviceable. The question turns on whether serviceability is an element of the offense or whether unserviceability is an exception to the offense on which defendant bears the burden of production of evidence as with affirmative defenses generally. In analogous circumstances, we have consistently held that such statutory exceptions are affirmative defenses. The State need not negate the exception unless substantial evidence is produced from some source that the exception applies. *See State v. Bowdry,* 337 N.W.2d 216, 218 (Iowa 1983); *State v. Wilt,* 333 N.W.2d 457, 461 (Iowa 1983); *State v. Delay,* 320 N.W.2d 831, 834 (Iowa 1982); *State v. Boland,* 309 N.W.2d 438, 440 (Iowa 1981). No such evidence was produced here.

*Bowdry* involved the permit exception to a concealed weapons offense in section 724.4. The same reasoning is applicable to the statutory exceptions to offensive weapons offenses in section 724.1(6). We find no merit in defendant's argument to the contrary. This result is consistent with a holding under an analogous federal statute proscribing possession of destructive devices. *See United States v. Beason,* 690 F.2d 439, 445 (5th Cir.1982).

The trial court did not err in overruling defendant's motions for acquittal.

II. *Effectiveness of counsel.* One element of an ineffectiveness of counsel claim is that counsel's performance was deficient. *See State v. Munz,* 355 N.W.2d 576, 584 (Iowa 1984). Here defendant asserts the deficiency was her trial counsel's failure to object to the marshalling instruction because it did not require the State to prove she knew the offensive character of the weapon. She argues that the State should have been required to prove not only that the shotgun she knowingly pos-

sessed was an offensive weapon but that she knew it was offensive under the statute. We find no merit in defendant's criticism of the marshalling instruction and therefore we reject her attack on counsel's performance.

Section 724.4 establishes an offense by any person "who knowingly possesses an offensive weapon...." "Offensive weapon" is defined in section 724.1. The elements of the offense readily appear when the definition is substituted for the term defined. The definition includes a short-barreled shotgun. § 724.1(2). In turn a short-barreled shotgun is defined as "a shotgun with a barrel or barrels less than eighteen inches in length" or a "shotgun with an overall length less than twenty-six inches." Thus the offense is established if the State proves the defendant knowingly possessed a shotgun with a barrel less than eighteen inches in length or a shotgun with an overall length less than twenty-six inches. The General Assembly has established the offensive character of the shotgun based on the relevant dimensions. The State must prove knowing possession of a shotgun having the requisite physical characteristics; it is not required to prove the defendant knew the weapon had characteristics that are proscribed.

In contending that the State had to prove she knew the shotgun was "sawed-off," defendant seeks to add an element to the offense that is not provided in the statute. Her contention collides with the principle discussed in *State v. Clark,* 346 N.W.2d 510, 513 (Iowa 1984), that "the lack of subjective awareness that an activity is unlawful or constitutes a particular crime is not generally a defense." Although defendant argues otherwise, she is contending in reality that the State should have been required to prove she knew the shotgun was of illegal size. To the extent this contention rests on a requirement of proof of knowledge of the law, it is contrary to the general principle discussed in *Clark.* It is also contrary to the terms of the statute.

This conclusion is consistent with federal decisions under the federal statute proscribing possession of unregistered firearms of a certain character. 26 U.S.C. § 5861 (1954). A violation is established upon proof of knowing possession of a firearm subject to registration. The government is not required to prove that the defendant knew the characteristics of the weapon that make the statute applicable. *See United States v. Vasquez,* 476 F.2d 730, 732 (5th Cir.1973); *United States v. Gardner,* 448 F.2d 617, 619 (7th Cir. 1971); *Sipes v. United States,* 321 F.2d 174, 179 (8th Cir.1963).

We find that defendant did not establish her claim of ineffectiveness of counsel.

AFFIRMED.