STATE of Iowa, Plaintiff–Appellee,

v.

Melvin Q. KEY, Defendant–Appellant.

No. 89–1268.

Court of Appeals of Iowa.

Jan. 29, 1991.

Linda Del Gallo, Acting State Appellate Defender, Andi S. Lipman, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., James Smith, Polk County Atty., Daniel Voogt, Asst. County Atty., for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

On April 16, 1989, a car defendant was driving was stopped by a police officer and a gun was found protruding from under the seat. The car was registered in the name of defendant's mother. Defendant was charged with unauthorized possession of an offensive weapon in violation of Iowa Code §§ 724.1 and 724.3 (1989). Defendant was also charged with receipt, transportation, and possession of a firearm by a felon in violation of Iowa Code § 724.26 (1989).

After a jury trial, defendant was found guilty on all charges.

## I.

█ Defendant first contends theft in the third degree is not a felony as defined under Iowa Code section 724.25 (1989) and may not be used as the sole basis for a conviction for possession of a firearm by a felon. Iowa code section 724.26 (1989), under which defendant was charged, provides:

Any person who is convicted of a felony in any state or federal court and who subsequently possesses, receives, or transports or causes to be transported a firearm or offensive weapon is guilty of an aggravated misdemeanor.

Under this section, the State is required to establish the defendant's status as a felon. *State v. Walton*, 311 N.W.2d 110, 112 (Iowa 1981). Prior to trial, the State proposed to offer a copy of a Judgment Entry of a 1988 third-degree theft conviction by the defendant to establish, as an element of the possession of a firearm by a felon charge, that the defendant was a felon.

The defendant stipulated to the foundation of the document proposed by the State and that he was the same person named in that document. Defendant objected to the introduction of the document on the basis that the third-degree theft conviction was not a felony. The court overruled the defendant's objection, noting the issue was controlled by *Saadiq v. State*, 387 N.W.2d 315, 319–20 (Iowa 1986), where the court held a conviction for third-degree theft constituted a felony for purposes of prohibiting a defendant from possessing a firearm. In reaching its holding, the court noted that section 724.25(1) of the 1983 Code provided:

As used in [section] 724.26, the word "felony" means any offense punishable in the jurisdiction where it occurred by imprisonment for a term exceeding one year.

*Id.* at 319; Iowa Code § 724.25(1) (1983).

In 1986, the legislature amended section 724.25(1) to conform more closely to the definition of "felony" used elsewhere in the Code. *See* section 1, H.F. 2347, 71st G.A. (Iowa 1986); 4 J. Yeager & Carlson, *Iowa Practice Criminal Law and Procedure*, section 538 (Supp.1989). Iowa Code section 724.25(1) currently provides:

As used in [section] 724.26 the word "felony" means any offense punishable in the jurisdiction in which it occurred by imprisonment for a term exceeding one year, *but does not include any offense, other than an offense involving a firearm or explosive, classified as a misdemeanor under the laws of the state and punishable by a term of imprisonment of two years or less.* (emphasis added).

Iowa Code § 724.25(1) (1989). Thus, the defendant contends under the plain language of section 724.26 (1989), an offense such as theft in the third degree, which is classified as a misdemeanor and is punishable by a term of imprisonment of two years or less, would no longer constitute a felony for purposes of prohibiting an individual from possessing a firearm.

Here the State introduced only the defendant's third-degree theft conviction as evidence the defendant was a felon. The defendant never admitted or conceded his status as a felon. *See State v. Walton,* 311 N.W.2d 110, 112–13 (Iowa 1981). The court instructed the jury it could convict the defendant if it found the State had established the defendant was previously convicted of third degree theft.

We agree with defendant that because his conviction for theft in the third degree was not a felony, it could not be used as the sole basis for his conviction for possession of a firearm by a felon.

■ The State does not argue with defendant on this issue. The State instead contends the issue was not raised at the trial court level and, therefore, should not be addressed on appeal. Defendant moved for a judgment of acquittal at the close of the State's evidence, relying in part on the failure of the evidence to establish he had previously been convicted of a felony. This motion was renewed at the close of the case. We find error was preserved. We look also to *State v. Trucke,* 410 N.W.2d 242, 243–44 (Iowa 1987), where the court reversed a conviction that failed to meet the requirement of a charge, even though the issue had not been raised at the trial court level. We reverse the conviction for violation of Iowa Code section 724.26 (1989).

## II.

Defendant next contends the district court erred in failing to grant his motions for judgment of acquittal based on the insufficiency of the evidence to support his conviction for possession of an offensive weapon.

We review to determine whether, in viewing the evidence in the light most favorable to the State, a trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980).

Defendant was charged with unauthorized possession of an offensive weapon in violation of Iowa Code sections 724.1 and 724.3 (1989). In setting forth the offense, Iowa Code section 724.3 provides:

Any person, other than a person authorized herein, who *knowingly possesses an offensive weapon* commits a class "D" felony. (emphasis added).

Under section 724.3, mere possession of the offensive weapon, per se, is not a crime. *State v. Winders,* 366 N.W.2d 193, 195 (Iowa App.1985). Rather, the defendant must have knowledge of his possession of the weapon. *Winders,* 366 N.W.2d at 195; *State v. Leisinger,* 364 N.W.2d 200, 202 (Iowa 1985).

■ Defendant contends the State failed to establish he knew or was aware he possessed the sawed-off shotgun found under the seat of the car he was driving. He claims he was sent to the store by his mother and the car he was driving was not his and was accessible to other persons. Defendant also argues the arresting officer did not immediately recognize the gun. However, there was testimony an arresting officer immediately saw some type of weapon in the car. We find no merit in defendant's argument on this issue. *See Ulster County v. Allen,* 442 U.S. 140, 168, 99 S.Ct. 2213, 2230, 60 L.Ed.2d 777, 798–99 (1979).

## III.

Defendant next contends the trial court erred in failing to give a requested instruction. Under Iowa Code section 724.3 (1989) a person who knowingly possesses an offensive weapon commits a class "D" felony. "Offensive weapon" is defined under Iowa Code section 724.1 (1989). Section 724.1 provides, in relevant part, an offensive weapon includes:

[A] short-barreled shotgun ... with a barrel or barrels less than sixteen inches in length or a shotgun with a barrel or barrels of less than eighteen inches in length, as measured from the face of the closed bolt or standing breech to the muzzle, or any ... shotgun with an overall length less than twenty-six inches.

Iowa Code § 724.1(2) (1989); *State v. Leisinger*, 364 N.W.2d 200, 201 (Iowa 1985).

However, Iowa Code section 724.1(9)(c) (1989) further provides:

An offensive weapon shall *not* include.... any ... firearm which is unserviceable by reason of being unable to discharge a shot by means of an explosive and is incapable of being readily restored to a firing condition. (emphasis added).

*See State v. Pinckney*, 306 N.W.2d 726, 728 (Iowa 1981).

The third element of the court's marshaling instruction required the State prove beyond a reasonable doubt the sawed-off shotgun possessed by the defendant was "an offensive weapon." With regard to this element, the trial court also submitted the following additional instruction:

An Offensive Weapon is a shotgun with a barrel less than 18 inches in length as measured from the face of the closed bolt to the muzzle or a shotgun with an overall length less than 26 inches.

The defendant requested the court to include in its definition of an offensive weapon "that the offensive weapon must be operable at the time the offense was committed." Defendant argues he was entitled to the instruction because the evidence at trial established the shotgun found in the vehicle he was driving was not operable. The trial court denied the instruction. Defendant contends this is error.

■ A trial court must fully instruct the jury on all material issues raised by the evidence, whether or not it is requested to do so. *See State v. Tomlinson*, 243 N.W.2d 551, 552 (Iowa 1976); *State v. Broughton*, 425 N.W.2d 48, 52 (Iowa 1988).

■ At trial, a police officer who examined the shotgun found in the vehicle defendant was driving testified the shotgun appeared to be missing a bolt handle and the magazine of the gun. Another officer testified in order to operate the shotgun, the bolt handle, which was missing, must be closed. Both officers testified a shell was found in the gun, but they did not know if the gun was operable. There was no evidence the gun had been tested for operability.

The gun was entered as an exhibit. We have viewed the gun and agree there is a factual question of whether the gun is unserviceable and is capable of being restored to firing condition. We find it was error not to give an instruction in accordance with the applicable statute.

We affirm in part, reverse in part, and remand for a new trial.

AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RETRIAL ON ONE CHARGE.