# IN THE COURT OF APPEALS OF IOWA

No. 19-0058
Filed March 17, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KYLE JOSEPH REASONER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Becky Goettsch, District Associate Judge.

Kyle Reasoner appeals following his guilty plea to carrying weapons. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Ahlers, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MAHAN, Senior Judge.**

Kyle Reasoner appeals following his guilty plea to carrying weapons.[1] Upon our review, we affirm.

Reasoner contends his counsel was ineffective in allowing him to plead guilty to carrying weapons without a factual basis.[2] To prevail on his claim,[3] Reasoner must show counsel (1) failed to perform an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). If counsel allows a defendant to plead guilty without a factual basis, counsel has breached a duty and we presume the defendant was prejudiced. *See State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011).

A guilty plea may not be accepted by a court without the court first determining the plea is supported by a factual basis. *See* Iowa R. Crim. P. 2.8(2)(b). When analyzing a record to determine if the record supports a factual basis for a plea, courts "do not require the record to show the totality of evidence

---

[1] Reasoner also pled guilty to harassment in the third degree, a simple misdemeanor. The supreme court treated Reasoner's appeal from that conviction as an application for discretionary review and denied the application.

[2] Iowa Code section 814.7, as amended, eliminates direct-appeal ineffective-assistance-of-counsel claims. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2019)). Iowa Code section 814.6(1)(a)(3), as amended, prohibits appeals from guilty pleas unless the defendant pled guilty to a class "A" felony or the defendant establishes good cause. *See* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)(3)). These amendments apply only prospectively and therefore do not apply to this case, which was pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

[3] Generally, a defendant's failure to file a motion in arrest of judgment bars a direct appeal of the conviction, *see* Iowa R. Crim. P. 2.24(3)(a), but this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel, as alleged by Reasoner. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

necessary to support a guilty conviction, but only that the record demonstrates the facts to support the elements of the offense." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). A factual basis can be discerned from "(1) the prosecutor's statements, (2) the defendant's statements, (3) the minutes of testimony, and (4) the presentence report, if available at the time of the plea." *Id.* In reviewing minutes of testimony, the court will consider police reports that include a defendant's statements. *See id.* at 31.

To determine whether Reasoner's guilty plea is supported by a factual basis, we first turn to the elements of the offense. Carrying weapons is defined as follows:

> Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

Iowa Code § 724.4(1) (2018).

The record in this case reflects the following. Police responded to a Des Moines gas station on a report that Reasoner was "following" his neighbor and acting in a "harass[ing]" manner. Reasoner stated "there was a pistol in the car," "that it was unloaded," and "[i]t wasn't in a locked container." Police found "a Ruger SR40c pistol and a throwing star" in the "passenger compartment" of Reasoner's vehicle. In the trunk of the vehicle, police found "the loaded magazine to the pistol."

The State charged Reasoner with two counts of carrying weapons—one relating to the pistol (Count I) and the other relating to the throwing star (Count II), but an agreement was reached in which Reasoner would plead guilty to Count I

relating to the pistol and Count II would be dismissed. Reasoner's written guilty plea stated: "[On] 5/23/18 . . . in Polk County, Iowa, I carried an unloaded handgun in the passenger compartment of my car and it was not secured in a locked container or trunk . . . ."

Evidence in the record provided a factual basis to support Reasoner's plea to carrying weapons. Contrary to his contention, the "loaded or unloaded status of the weapon" is not of "critical importance" under the alternative of the statute relevant to these facts. *See* Iowa Code § 724.4(1) (defining one alternative of carrying weapons as "a person . . . who knowingly carries or transports in a vehicle a pistol or revolver"). Accordingly, defense counsel was not ineffective in failing to challenge the plea on that basis.

Reasoner also contends that due to the "location and secured status of the weapon," his plea lacked a factual basis. This contention implicates section 724.4(4)(f),[4] which provides an exception to the offense for:

> A person who for any lawful purpose carries or *transports an unloaded pistol or revolver in a vehicle inside a closed and fastened container or securely wrapped package which is too large to be concealed on the person* or inside a cargo or luggage compartment where the pistol or revolver will not be readily accessible to any person riding in the vehicle or common carrier.

---

[4] Reasoner also points to section 724.4(4)(e), which provides an exception to the offense for "[a] person who for any lawful purpose carries an unloaded pistol, revolver, or other dangerous weapon inside a closed and fastened container or securely wrapped package which is too large to be concealed on the person." But the record is clear that the pistol was found in the "passenger compartment" of Reasoner's vehicle; accordingly, Reasoner was not "carr[ying]" the pistol, as set forth in section 724.4(4)(e), and the exception under section 724.4(4)(e) would not apply to these facts.

(Emphasis added.)  Reasoner points to the fact that the pistol was found in a "tied" "plastic grocery sack," along with his "personal items," contending the pistol was securely stored as contemplated by section 724.4(4)(f).

But as Reasoner acknowledges, this statutory exception is an affirmative defense.  *State v. Erickson*, 362 N.W.2d 528, 531 (Iowa 1985).  Accordingly, the State did not bear the burden of establishing that the exception under section 724.4(4)(f) did not apply to Reasoner's offense.  *See State v. Bynum*, 937 N.W.2d 319, 328 (Iowa 2020) ("Bynum's requested exception, a valid permit, is not an element of the carrying-weapons offense.  Therefore, the State is not required to prove the absence of that exception."); *State v. Leisinger*, 364 N.W.2d 200, 202 (Iowa 1985) ("In analogous circumstances, we have consistently held that such statutory exceptions are affirmative defenses.  The State need not negate the exception unless substantial evidence is produced from some source that the exception applies." (citing cases)).  Therefore, with regard to the factual basis to support his plea, Reasoner's claim is unpersuasive.

Reasoner next contends his "[c]ounsel's failure to recognize this issue, to develop it for purposes of establishing an affirmative defense constituted ineffective assistance of counsel."  Reasoner also points to section 724.1(2)(c), which excludes "any firearm which is unserviceable" from the definition of an "offensive weapon" and claims that "there was a potential" his pistol was "not fireable" and the factual basis for his plea should have been challenged on that basis as well.  Indeed, if these affirmative defenses were to be pursued, Reasoner bore the burden to produce evidence to support them.  *Cf. Leisinger*, 364 N.W.2d at 202; *Kirkland v. State*, No. 16-0642, 2017 WL 4049321, at *4 (Iowa Ct. App.

Sept. 13, 2017) ("The State is not required to prove the gun was operable; merely that Kirkland possessed the gun at the time of the robbery."). "We prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge," "especially . . . when the challenged actions concern trial strategy or tactics counsel could explain if a record were fully developed to address those issues." *State v. McNeal*, 867 N.W.2d 91, 105–06 (Iowa 2015). Because we find the record inadequate to resolve these claims, we preserve them for possible postconviction relief.

Finally, Reasoner contends his counsel was ineffective in failing "to provide an adequate written factual basis on a written guilty plea." He points to the fact that the accepted guilty plea "was a replacement for a lost paper copy that was not filed after being unable to be filed due to technical issues with the EDMS system"[5] and also relies on his prior arguments with regard to the alleged factual inadequacies relating to his plea. As noted above, Reasoner's written plea stated in part: "[On] 5/23/18 . . . in Polk County, Iowa, I carried an unloaded handgun in the passenger compartment of my car and it was not secured in a locked container or trunk . . . ." This statement was sufficient for the court to find a factual basis for his plea.[6] *See* Iowa Code § 724.4(1). Counsel was not ineffective in failing to challenge the written guilty plea on this basis.

---

[5] This argument is a red herring. At the outset of the sentencing hearing, the court addressed the "lost" written guilty plea and ensured that all parties were in agreement that the written guilty plea filed on the date of the sentencing hearing was the same in substance as the initial written guilty plea.

[6] In any event, during the in-person colloquy at the guilty plea hearing, Reasoner reiterated the pertinent evidence for the court to find a factual basis for his plea.

Having addressed the arguments raised on appeal, we affirm Reasoner's conviction for carrying weapons.

**AFFIRMED.**